# CASES DECIDED

# APPELLATE COURT

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1919, AND MAY
TERM, 1920, IN THE ONE HUNDRED FOURTH
YEAR OF THE STATE.

---

HARTSOCK ET AL. *v.* LONG ET AL.

[No. 10,543. Filed October 17, 1919. Rehearing denied January 9, 1920. Transfer denied March 10, 1920.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Lump-Sum Settlement.—Petition to Set Aside.—"Unusual" Case.—Effect of General Finding Against Petitioners.—Review on Appeal.*—In a proceeding by petition to set aside an order fixing a lump sum for settlement with dependents, a general finding by the Industrial Board against petitioner is a finding that the case was unusual within the meaning of §43, Acts 1915 p. 392, §8020a2 Burns' Supp. 1918. p. 3.

2. MASTER AND SERVANT.—*Workmen's Compensation.—Lump-Sum Settlement.—Notice to Insurer Not Required.*—Under §§43, 57, 73, 74 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918, an order of the Industrial Board fixing a lump sum in settlement with dependents cannot be set aside on the grounds that the employer's insurer never had knowledge of nor was a party to the agreement for such a settlement, since such notice to or knowledge by the insurance company is not contemplated by the act. p. 3.

3. MASTER AND SERVANT.—*Workmen's Compensation.—Lump-Sum Settlement.—When Not Set Aside.*—An agreement of the parties and subsequent order of the Industrial Board fixing a lump-sum settlement will not be set aside in the absence of a showing of fraud, mistake or gross irregularities. p. 3.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act by Mrs. Walter Long and another against Frank Hartsock and another. From an order of the Industrial Board denying a petition by the Southern Surety Company, insurance carrier, to set aside a lump sum settlement approved by the board, the insurance carrier appeals. *Affirmed.*

*Landers, McKay, Turner & Merrell,* for appellant.
*J. M. Berryhill,* for appellees.

NICHOLS, P. J.—This is an appeal from the Industrial Board of Indiana. The substantial facts are as follows: Walter Long, thirty-one years old, was killed by a train while he was driving a wagon belonging to his employer, Frank Hartsock, in the line of employment. His widow, Mrs. Walter Long, and a son, Wilbur Long, twelve years old, were his dependents. The wages of the deceased were $20 per week and the award of the Industrial Board was $11 per week for 300 weeks, upon an agreement by the employer and the employe's dependents. After the payment of the weekly allowance for forty-nine weeks, an agreement for a lump-sum settlement or redemption of remaining unpaid sum was entered into by and between the employer and the dependents of the deceased employe, which agreement was presented to the Industrial Board for its approval, which was granted, and the board fixed the amount by which the remaining 251 weeks of compensation should be redeemed by payment of cash in lump sum at $1,286.17 for Mrs. Walter Long and $1,286.17 for Wilbur Long, or $2,572.34 in all.

Thereupon appellant Southern Surety Company, insurance carrier, filed a petition praying that the lump-sum settlement agreement be set aside, stating as reasons: (1) That the case is not extraordinary or unusual within the meaning of §43 of the Workmen's

Compensation Act, Acts 1915 p. 392, §80201 *et seq.*
Burns' Supp. 1918; (2) that the Southern Surety Company had no knowledge of, nor was it a party to, such agreement.

The board heard the evidence upon this petition, and found that the same should be denied. This appeal was then prayed and granted. The errors alleged by appellant are that the rulings and findings of the Industrial Board upon which said order is based are contrary to law, and that its order is contrary to law.

It is to be observed that appellant did not claim before the Industrial Board that there was any fraud or mistake by any one, or that its rights, so far as the amount of compensation was concerned, had been transgressed, nor does it so claim on this appeal. The only challenge that we are called on to consider is that the findings and order of the Industrial Board are contrary to law, that is, that they are contrary to the general principles of the law as applied to the facts. *Candy, Admr.,* v. *Hanmore* (1881), 76 Ind. 125, 128. After hearing the evidence, the Industrial Board, by its general finding, found against appellant on its averment that the case was not extraordinary or unusual within the meaning of §43 of the Workmen's Compensation Act, *supra,* thus finding the ultimate fact with the appellees. While the questions presented on appeal do not require us to review this finding, we have examined the evidence and, in our opinion, it fully sustains the board's finding.

The only other reason given by appellant in its petition to set aside the order of the board fixing a lump sum in settlement was that it "never had knowledge of nor was it a party to the agreement for a lump-sum settlement." Such notice to, or knowledge of, the insurance company is not contemplated by the Workmen's Compensation Act, *supra,* §§43, 57, 73

and 74. And such agreement and order of settlement will not be set aside and vacated in the absence of a showing of fraud, mistake, or gross irregularities. *Aetna Life Ins. Co.* v. *Shiveley* (1918), (Ind. App.) 121 N. E. 50. The finding and order of the board was therefore not contrary to law for this reason.

We find no error. The order of the Industrial Board is affirmed.