AMERICAN MUTUAL LIABILITY INSURANCE Co., *et al., v.*
MARTHA PATRICK.

(*Knoxville.*  September Term, 1928.)

Opinion filed December 8, 1928.

### 1. WORKMEN'S COMPENSATION. ADMINISTRATOR. SETTLEMENT.

Where it appears that the dependents of an employee were entitled
to workmen's compensation, the fact that the administrator accepted money from a railroad company which was not liable for
the death of the employee, and when there is nothing in the evidence to sustain the insistence that the dependents exercised an
option to sue or accept settlement from the railroad company,
or elected to abandon compensation under the Workmen's Compensation Act, the dependents are not precluded from asserting
their right to compensation. (Post, p. 620.)

### 2. WORKMEN'S COMPENSATION. EMPLOYER. INSURER.

Where a policy issued by the insurance carrier covers the employee
and his employment, compensation may be enforced by a joint
action against the employer and the insurer. (Post, p. 621.)

Citing: Chapter 123, sections 44 and 45, Acts of 1919.

### 3. WORKMEN'S COMPENSATION. EMPLOYER. INSURER. JOINT ACTION. AWARD.

In an action brought under the Workmen's Compensation statute
against the insurer, and the employer, the award may not be
against the insurer alone, since the insurer under the Act is a
proper party, and since the obligation assumed by the insurer
is the amount for which the employer is adjudged liable to the
employee, and where they are sued jointly, the award should
be adjudged against both. (Post, p. 623.)

Citing: Sections 44 and 45, chapter 123; Acts 1919; Hartsook v.
Long (Ind.), 124 N. E., 509; Aetna Life Ins. Co. v. Shively (Ind.),

121 N. E., 50; Abel v. Casualty Co. (Ia.), 175 N. W., 846; State ex
rel. v. Dist. Court (Minn.), 158 N. W., 615.

## FROM GREENE.

Appeal from the Circuit Court of Greene County.—
HON. H. T. CAMPBELL, Judge.

HODGES & CREEKMORE and MILLIGAN & SWINGLE, for
plaintiffs in error.

DANA HARMON and H. C. HAYNES, for defendant in
error.

MR. JUSTICE COOK delivered the opinion of the Court.

Martha Patrick, herein called petitioner, sued Lig-
gett & Myers Tobacco Company, called the employer, and
American Mutual Liability Insurance Company, called
the insurer, to recover under the Compensation Act for
the death of her husband, Alfred Patrick, the employee.
The trial judge held that a lack of privity forbade judg-
ment against the insurer but awarded as compensation
against the employer $5 a week for 400 weeks.    Their
motions for new trial being overruled, the employer and
the insurer appealed.    Questions ordinarily arising in
such cases are concluded by an agreed statement of
facts, thus limiting the controversy to the matters here-
inafter set forth.

On behalf of the insurer and the employer it is insisted
that petitioner is precluded from asserting the right to
compensation because she made an election under section
14 of the Compensation Act to proceed against the South-
ern Railway Company, the third party involved in the
accident that resulted in Alfred Patrick's death.

It appears from the record that Alfred Patrick was struck by a switch engine of the Railway Company, January 12, 1925, while carrying bills of lading to the depot, and that the accident arose out of and in the course of his employment. As a result of the accident he died January 16, 1925. Petitioner gave notice to the employer claiming compensation, and it was served on January 28.

Alex Fulks qualified as administrator of Alfred Patrick, it does not appear at whose suggestion or upon whose authority, and on January 22, 1925, accepted from the Southern Railway $150 and executed an acquittance as follows:

". . . for and in consideration of . . . $150 . . . I, . . . Alex Fulks, administrator of Alfred Patrick, deceased, do hereby release and forever discharge the said Southern Railway Company from all claims, demands, actions, rights of action, now or hereafter existing, either at law or in equity, including all claims on account of his personal representatives for the pecuniary loss sustained by his relatives entitled thereto by reason of his death, and from any judgment that may have been rendered, and from liability for payment of any further sum of money or for render of other satisfaction growing out of the following matter:

"For fatal injuries received by Alfred Patrick at or near Greensville, Tennessee, on or about the 12th day of January, 1925, and all results attending or following said injuries, including all funeral expenses, except $20 livery bill, which is to be paid by the Southern Railway Company, all hospital and doctor bills to be paid by the Southern Railway Company."

(1) The trial judge found that there was no liability on the part of the Southern Railway Company and by in-

ference that the payment made by it to Fulks was gratuitous and that Martha Patrick did not participate in the settlement made by the administrator · and derived no benefit from it.

The evidence sustains the trial judge's finding of fact. The uncontradicted testimony of two witnesses discloses that Alfred Patrick's death was the result of an accident for which the railroad was not liable. The claim agent of the railroad, who made the payment to the administrator, testified that he paid the money and took the release from the administrator pursuant to the policy of the Company to give a nominal sum when death resulted from contact with its trains.

There is nothing in the evidence to sustain the insistence that the widow of Alfred Patrick exercised an option to sue or accept settlement from the Railway Company for her husband's death or that she elected to abandon compensation under the Workmen's Compensation Act in lieu of the nominal sum given the administrator by the Railway Company.

We conclude that the assignments of error on behalf of the employer and the insurer are without merit.

(2)   Petitioner appealed from the action of the trial judge in dismissing her suit against the insurer. It seems to have been generally understood, in view of the provisions of our Compensation Law, that where the policy issued by the insurance carrier covers the employee and his employment compensation may be enforced by a joint action against the employer and the insurer.

The employer, Liggett & Myers Tobacco Company, did not carry the risk as they might have done under the Compensation Act, but observing sections 41 and 42 of the Act insured their employees with the defendant com-

pany. The policy issued by the company is not shown in the record. It is agreed, however, that it covered the employees of Liggett & Myers Tobacco Company at Greeneville, Tennessee, including Alfred Patrick.

Chapter 123, Acts 1919, the Workmen's Compensation Act, provides:

"Sec. 44. Be it further enacted, That all policies insuring the payment of compensation under this Act must contain a clause to the effect that as between the employer and the insurer, the notice of or knowledge of the occurrence of the injury on the part of the insured shall be deemed notice or knowledge, as the case may be, on the part of the insurer, that jurisdiction of the insured for the purpose of this Act shall be jurisdiction of the insurer, and that the insurer shall in all things be bound by and subject to the awards, orders, judgments or decrees rendered against such insured, whether a formal party to the proceedings or not.

"Sec. 45. Be it further enacted, That no policy of insurance against liability arising under this Act shall be issued unless it contains an express agreement of the insurer that it will promptly pay to the person entitled to same all benefits conferred by this Act, and all installments of the compensation that may be awarded or agreed upon, and that this obligation shall not be affected by any default of the insured for the injury or by any default in the giving of any notice required by such policy or otherwise. Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation under this Act, and may be enforced directly by such person in his name, . . ."

In consideration of the premiums paid by the employer, the insurer assumed liability not merely to reimburse the

employer but to pay the employee the compensation awarded under the Act. Sections 44 and 45 of the Act must be read into the insurance carrier's policy issued under its provisions, and establishes the relation under which the employee may sue the employer and the insurer jointly. The liability is not that of suretyship merely, for the insurer assumed liability for any award that might be made against the employer.

(3) While the award may not be against the Insurance Company alone, it, as the insurer under the Act, is a proper party, and since the obligation assumed by the insurer is the amount for which the employer is adjudged liable to the employee, where they are sued jointly, the award should be adjudged against both.

The compensation statutes of Iowa, Minnesota, and Indiana contain provisions, in substance, the same as Sections 44 and 45 of our Act, and decisions in those States hold either that the insurer is directly liable to the employee or as the case may be that the action may be jointly against the employer and the insurer. *Hartsook* v. *Long* (Ind.), 124 N. E., 509; *Aetna Life Ins. Co.* v. *Shively* (Ind.), 121 N. E., 50; *Abel* v. *Casualty Co.* (Ia.), 175 N. W., 846; *State ex rel. v. Dist. Court* (Minn.), 158 N. W., 615.

The judgment of the trial court will be accordingly modified and affirmed.