CENTRAL SURETY & INSURANCE CORPORATION *v.* MRS. CORA
TRAWICK COURT.

(*Nashville,* December Term, 1930.)

Opinion filed April 4, 1931.

CATE & CATE, for plaintiff in error.

AUST, CORNELIUS & WADE, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Mrs. Court, the petitioner, was an employee of the General Sunday School Board of the Methodist Church,

South. The Board insured its employees with the Central Surety and Insurance Company as provided in sections 41 and 42 of the workmen's compensation law, chapter 123, Acts of 1919, and the award was against the insurance carrier alone (*Hartford Indemnity Co.* v. *Hay,* 159 Tenn., 202, 17 S. W. (2d), 904; *American Mutual Liability Ins. Co.* v. *Patrick,* 157 Tenn., 618, 11 S. W. (2d), 872) and it appealed.

It is not contended here that Mrs. Court was not an employee covered by the policy but it is insisted that the disability for which compensation was awarded did not result from an accident "arising out of and in course of the employment."

It was the duty of petitioner as an employee of the Board to travel, visiting and teaching at numerous training schools throughout the country. November 23, 1929, she was sent by the Board to instruct a class in a training school at Orlando, Florida. After reaching there she was recalled by her employer to attend a meeting of the administrative staff of the Board at Nashville. In obedience to the order thus given, petitioner left Orlando, Florida, reaching Nashville Sunday morning, December 1, 1929. It was the duty of petitioner to report to the principal office of her employer, the General Sunday School Board, after each trip and pay over funds collected while in the field.

The office was not open on Sunday when petitioner reached Nashville. Monday morning, while en route carrying papers, reports and funds for delivery to the office of the Board, petitioner, while crossing Eighth Avenue near the office of her employer, fell upon the street and suffered the injury for which compensation

480

was awarded in the trial court. Petitioner was not engaged at that time in any forbidden act and was in a place where she had a right to be. Her employer sent her to Florida in course of the employment and in obedience to orders from her employer she was returning to Nashville. The contract of employment and due performance of duty under it required that she travel from Florida to Nashville and that she go to the office of the employer. The intervening Sunday broke the continuity of the journey from Florida and interrupted the employment. It was resumed Monday morning, and after its resumption and while on the way to the office the injury occurred.

The insurance company is relying upon the general rule that injuries resulting to employees while away from their place of business and injuries resulting from common hazards of the street do not come within the provisions of the Compensation Act. This general rule calls for an exception where the contract of employment subjects the employee to such risks and hazards as are incident to performance of duty. This is so because the employment imposes the duty upon the employee to go from place to place at the will of the employer in the performance of duty and the risks of travel are directly incident to the employment itself. In such cases resulting injuries are the proper subject for compensation. *London & L. Indemnity Co.* v. *Industrial Commission,* 170 Pac., 1074; Cook's Case, 29 A. L. R., 114, Note C, p. 124; *Stansberry* v. *Monitor Stove Co.,* 20 A. L. R., Annotation, p. 319.

The petitioner was acting in course of the employment. The performance of duty assigned to her

made it necessary for petitioner to travel and while going about the employer's business injury resulted. There was direct causal connection between the employment and the injury. *Carmichael* v. *Mahan Motor Co.*, 157 Tenn., 613, 11 S. W. (2d), 672; *Stratton* v. *Rollison*, 156 Tenn., 256, 300 S. W., 569; In re Harraden (Ind.), 118 N. E., 142.

■ Petitioner's right hip was fractured by the fall. The ball in the hip joint was wrenched from the socket. The leg, which was rendered useless, remains as a member to the hindrance of the body and impairs the use of the entire body, with the result, as found by the trial judge, that petitioner is totally incapacitated to work at an occupation which would bring an income. In such case compensation is controlled by sections 28-d and 28-e of the Compensation Act as amended. See *Kingsport Silk Mills* v. *Cox*, 161 Tenn., 470, 33 S. W. (2d) 90.

■ Before the injury petitioner's average pay was $225 a month. The trial judge awarded $16 a week for 550 weeks, limited to a maximum total of $5,000. He also awarded $100 hospital and medical bills. The award was against the insurance carrier, which is authorized by the statute. *Hartford Indemnity Co.* v. *Hay*, 159 Tenn., 202, 17 S. W. (2d) 904; *American Mutual Liability Ins. Co.* v. *Patrick*, 157 Tenn., 618, 11 S. W. (2d), 872.

The evidence sustains the finding of the trial judge. The judgment is modified to conform with sections 28-d and 28-e of the Compensation Act, which fixes compensation at $16 a week for the first 400 weeks, reduced to $5 a week for the remaining 150 weeks, limited as by the Act to the maximum of $5,000.

Affirmed.