WHITE *v.* TENNESSEE COACH CO. *et al.*

(*Knoxville,* September Term, 1946.)

Opinion filed November 30, 1946.

W. CLYDE BUHL, of Knoxville, for plaintiff in error.

WAYNE PARKEY, of Knoxville, for defendant in error.

MR. SPECIAL JUSTICE PAUL CAMPBELL delivered the opinion of the Court.*

This is a compensation case coming from the Circuit Court of Knox County. The Circuit Judge found the Workmen's Compensation Act, Code 1932, sec. 6851 *et seq.,* applicable to the parties. He further found that the plaintiff below, appellant here, had suffered the loss of the little and ring fingers and a 25% permanent partial disability to the middle finger. In awarding a recovery for these fingers he found further that there had been a period of 15 2/7 weeks of temporary total disability, for which the employee had been paid.

Acting upon his construction of decisions of this court, including *Knoxville Power & Light Co. v. Barnes,* 156 Tenn. 184, 299 S. W. 772, he subtracted these 15 2/7 weeks of temporary total disability from the 15 weeks allowable under the Act for the loss of the little finger, the same 15 2/7 from the 20 weeks for the loss of the ring finger, and the same 15 2/7 weeks from the 30 weeks for the middle finger, figuring one-fourth of the remainder, 14 5/7 weeks, or 3 6/7 for the proportionate permanent loss of use of the middle finger.

By this process further recovery for the little finger was denied *in toto,* for the ring finger was limited to 4 5/7

---

*Sitting for Mr. Justice Chambliss.

weeks, and for the middle finger was limited to 3 6/7 weeks, permitting over and above the period for temporary total disability recovery for the total period of 8 4/7 weeks.

Plaintiff appealed and has assigned a number of errors. He complains of the method used by the Trial Judge in deducting the 15 2/7 weeks of temporary total disability from the specific number of weeks allowed for each of the fingers, respectively, and also complains that the Judge erred in not finding a 50% loss of use of the right arm and hand and in denying recovery for the loss of use of the hand.

The assignments relative to the loss of use of the arm and hand have been considered by the Court and we find no error in the action of the Trial Judge. There is abundant proof to sustain the finding of the Trial Judge in respect to these matters.

This case presents the specific question applicable to cases of injuries resulting in loss of or injury to two or more members included in the schedule of specific losses, in Section 6878 of Williams Code—whether the period of temporary total disability is to be deducted from the period of loss for each of such members, or it is to be deducted only from the aggregate period for all of such members.

There is no case decided by this Court in which this point has been adjudicated. The case referred to in the briefs of counsel and relied on by the Trial Judge, *Knoxville Power & Light Co.* v. *Barnes,* 156 Tenn., 184, 299 S. W. 772, does not determine this question as it was not raised on the appeal in that case and consequently was not before this Court for decision. The action of the Trial Judge in that case, so far as this point is concerned, was adverse to the plaintiff below, who did not appeal.

Therefore the question was not presented for adjudication by this Court.

In the instant case the injuries were to specific members, the little finger, the ring finger and the middle finger, the first two being amputated and completely lost, and the last suffering a 25% permanent partial disability. Under the Compensation Act 15 weeks are awarded for loss of the little finger 20 weeks for that of the ring finger and 30 weeks for the loss of the middle finger.

██ ██ In enacting the Workmen's Compensation Act the Legislature intended to do away with all controversies as to the fact and degree of disability resulting from injuries to specific members set out in Section 6878, by allowing a specific number of weeks for loss of each of the specified members, these numbers of weeks to be in lieu of all other compensation. In other words, as to losses of specific members, the Legislature itself determined the disability suffered by the employee as a result of the loss of each member or a combination of two members, as specified in the Act.

The Act itself provides, Code Section 6878(c):

"Where an employee sustains concurrent injuries resulting in concurrent disabilities, he shall receive compensation only for the injury which produced the longest period of disability, *but this section shall not affect liability for the concurrent loss of more than one member,* for which members compensation are provided in the specific schedule and in Subsection (e) below." (Italics ours.)

Injuries of two separate members under this schedule are deemed separate and not concurrent for the purpose of awards and cannot be joined to decrease the compensation. *Knoxville Power & Light Co.* v. *Barnes, supra.*

This court has heretofore held, as above shown, that

where two or more of the specified members are lost, wholly or in part, the specific numbers of weeks allotted for each shall be added together and the employee paid accordingly. The greater of such losses does not swallow up or absorb the less. In other words, the Legislature, by enacting this schedule, determined that where injuries occurred to more than one of the members set out in the schedule under Section 6878, there were separate periods of disability, and that these should be added together to form the basis of an award to the injured employee. Where two or more were injured there was an aggregate period of disability, according to the Legislature's own determination. In other words, as in the instant case, there was a period of disability of 15 weeks for the loss of the little finger; another and separate period of disability for loss of the ring finger and a third and separate period for the proportionate loss of use of the middle finger. In this case these would be the sum of 15, 20 and $7\frac{1}{2}$ weeks, or a total of $42\frac{1}{2}$ weeks. From this total period should be deducted the period of temporary total disability—15 2/7 weeks—leaving a further period, following the period of temporary total disability, of 27 3/14 weeks for which compensation should be paid. It is not proper, in cases of losses to specified members, to deduct the period of temporary total disability from each of the periods allotted to the respective fingers, for this deduction should be made only once.

It follows that the first and fourth assignments of error should be sustained.

Compensation for the further period of 27 3/14 weeks, instead of 8 4/7, should be awarded complainant, and judgment therefor is accordingly awarded by this Court.

This case is remanded to the Circuit Court for further proceedings consistent with this opinion.