Hix *v.* Cassetty *et al.*

(*Nashville*, December Term, 1947.)·

Opinion filed May 3, 1948.

H. H. Clark, of Cookeville, for appellants.

H. L. Page, of Gainesboro, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a workmen's compensation case. Defendants have appealed, contesting only the amount of the recovery.

The Chancellor found that complainant was permanently and totally disabled; that his average weekly wage was $20.25; that defendants have paid complainant's medical and hospital bills amounting to $538, or $38 in excess of the $500 fixed by statute; that defendants have also paid complainant compensation, after deducting $73 paid him for the time he worked, the sum of $234, making a total credit of $272; and that 60 per cent of complainant's weekly wage would be $12.15.

The Chancellor decreed that complainant have and recover of defendants the sum of $500 paid for medical and hospital bills, which has been paid, and the sum of $534.-60, less the credit of $272, the balance being $262.60, said sum covering 44 weeks from the date of injury to October 21, 1947, including the date this cause was heard, the said $262.60 being the accrued balance up to said date; that complainant also recover of the defendants the further sum of $4,465.40 to be paid $12.15 each week for

356 weeks from October 21, 1947, and after the expiration of said first 400 weeks, complainant is to be paid $7 per week during the remaining 20 weeks, the total judgment not to exceed $5,000.

On December 18, 1946, complainant's left leg was seriously injured by a log falling from a truck which struck his leg, causing a compound comminuted fracture of both the tibia and fibula of the lower part of his leg. Complainant was attended by Dr. Anderson in Gainesboro, and was immediately carried to Cookeville City Hospital, where he was attended by Drs. Howard and Taylor. Complainant was confined in the hospital for about six weeks and then carried to his home in an ambulance. He has been unable to walk without crutches since the date of the accident.

The proof shows that complainant suffers great pain in his leg when he stands on it, causing him to be wholly unable to do any work for which he is qualified. Complainant is an unskilled manual laborer and is unable to do any work that necessitates his standing or doing work which causes any pressure on his leg. The effect of complainant's testimony is that prior to the accident he was well, strong and suffered no pain, but since the accident he suffers great pain and is unable to work. The proof further shows that because of his injuries, complainant was unable to even drive a truck.

We think, from the facts in the record before us, complainant is unable to work at his occupation as a common laborer—the work he was qualified to do before his injuries—and that he is totally and permanently disabled under the provisions of the Workmen's Compensation Law, Williams' Code, sec. 6878(d) (e).

Defendants insist that since complainant's injury was only to his leg, that their maximum liability was for the specific statutory limitation for the loss of a leg, Code, sec. 6878(c); while complainant insists that the measure of his compensation is to be fixed by the loss of his earning capacity resulting from the injury to the single member.

After a careful examination of the record before us, we find the facts of this cause to be within the rule announced in *Plumlee* v. *Maryland Casualty Co.*, 184 Tenn. 497, 500-502, 201 S. W. (2d) 664, 666, where this Court said:

"In *Russell* v. *Virginia Bridge & Iron Co.*, 1937, 172 Tenn. 268, 111 S. W. (2d) 1027, the injury was the crushing of the right ankle and foot, and a permanent impairment of the use of the right leg as a result. It was insisted for the employer that the maximum liability was the statutory amount for the loss of a leg, Code, sec. 6878 (c). The Trial Judge so held, but this Court reversed and awarded compensation for total permanent disability under Code sec. 6878(e).

" 'It is not uncommon to see a man without a hand or foot who is very active and capable of engaging in a gainful occupation. Such a person was not rendered totally incapacitated by the loss of his hand or foot, and it was to this class that remuneration for the specific loss of a member was intended to apply. On the other hand, where an employee, as the result of an injury, is disabled to the extent that he cannot work at an occupation which will bring him an income, he is entitled to the compensation provided therefor; and it is immaterial whether his condition resulted from an injury primarily to his arm, hand, leg, foot, head, or some other member of his body.' *Rus-*

*sell* v. *Virginia Bridge & Iron Co.,* 172 Tenn. 268, 279, 111 S. W. (2d) 1027, 1031.

"Two years later, in *Phillips* v. *Diamond Coal Mining Co.,* 175 Tenn. 191, 133 S. W. (2d) 476, a case was presented in which the injured employee, who was an electrician and operator of a coal cutting machine, received an injury which necessitated the amputation of the right leg just below the hip. The *Russell Case, supra,* was urged to support an award for permanent total disability, it being shown that by reason of his injury the employee was prevented from any gainful occupation for which he was fitted. The contention was denied and the award limited to the statutory amount for the loss of a leg.

"The distinction between the *Russell Case, supra,* and the *Phillips Case* is thus made in the course of the opinion in the latter:

" 'Where the injury is confined to the loss of a single member of the body compensation is limited to the sum which the statute specifically provides for such loss, regardless of the earning capacity of the injured employee.

" 'In the cases of *Kingsport Silk Mills* v. *Cox,* 161 Tenn. 470, 33 S. W. (2d) 90; *Central Surety & Ins. Corp.* v. *Court,* 162 Tenn. 477, 36 S. W. (2d) 907, and *Russell* v. *Virginia Bridge & Iron Co.,* 172 Tenn. 268, 111 S. W. (2d) 1027, 1031, invoked by defendant, the injured members were not actually lost, and the injuries were greater than the loss of such member would have been.' *Phillips* v. *Diamond Coal Mining Co.,* 175 Tenn. 191, 193, 133 S. W. (2d) 476, 477.

"The same rule is made with regard to claims arising for partial permanent disability. If the entire member is lost, the employee is entitled to the statutory amount, but if the loss of the member be partial, the award is

based on the actual impairment of earning capacity. If there be no impairment, though a part of a member be severed, there is no compensable injury. *Sun Coal Co.* v. *Epperson*, 178 Tenn. 114, 156 S. W. (2d) 400.''

It results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.