194

JOHNSON *et al. v.* ANDERSON.

*Nashville*, December Term, 1948

Opinion filed January 17, 1949.

Rehearing denied March 11, 1949.

C. W. Spear and T. B. Finley, both of Lebanon, for plaintiffs in error.

Anderson & Anderson, of Gainesboro, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents a petition under the Workmen's Compensation Act, Code, sec. 6851 et seq., which was filed orginally in the County Court, appealed by the defendants to the Circuit Court, and again appealed by them to this Court. Both in the County Court and in the Circuit Court, the petitioner Anderson was awarded judgment against the employer and the insurance carrier for permanent total disability in the sum of $5,000 less credits for amounts already paid for compensation.

The assignments of error and supporting arguments in the briefs filed here, go far beyond the limits and scope of our review on such an appeal. If supported by material evidence, all questions of fact have been conclusively determined by the concurrence of the two lower Courts. So the assignments of error and argument on the weight of the evidence and the credibility of the various physicians are alike useless and irrelevant.

■■ We take that view of the evidence most favorable to the employee's claim, and we will not disturb the award of the trail judge if we find material evidence to support it. *Milne* v. *Sanders,* 143 Tenn. 602, 228 S.W. 702; *Vester Gas Range & Mfg. Co.* v. *Leonard,* 148 Tenn. 665, 257 S. W. 395; *Mullins* v. *Tennessee Stave & Lumber Co.,* 155 Tenn. 132, 290 S. W. 975; *DuPont Rayon Co.* v. *Bryant,* 160 Tenn. 362, 24 S.W. (2d) 893.

Properly limited by applying the foregoing rules, the appeal presents only two questions which are open for our review:

(1) Should the award have been based on loss of earning capacity or on loss of use of the right leg?

(2) Should the trial judge have modified his award on account of evidence that the employee's disability would be lessened by further surgical operation?

Consideration of these questions necessitates a brief statement of the evidence of petitioner's accident and injury in the light most favorable to his claim. Prior to the accident, he was employed as a sawmill hand, and was on account of the limits of his education and training, capable of performing only manual labor. On October 11, 1946, while he was sawing a log, a slab split off and fell on his right foot and leg, breaking the ankle, bruising and crushing the foot and leg. No question is made but that the injury rose out of and in the course of employment, and for some weeks after the injury liability was admitted and compensation paid. In March 1947, payment of compensation was stopped and petitioner filed this suit for for an award based on permanent total disability, less credits for the amount of compensation already paid.

Bearing in mind the "material evidence rule," *Vester Gas Range & Mfg. Co.* v. *Leonard, supra,* it is only nec-

essary to consider the evidence of petitioner's witness, Dr. R. C. Gaw, who had been in general medical practice for 35 years, and who knew petitioner and had examined and treated him both before and after the injury. The doctor testified that petitioner, as a result of the injury, had a "permanent condition of atrophy" which would be "progressive;" that operation would not better the condition, but on account of the deficient blood supply would be dangerous; and that on account of the condition of the leg, petitioner was permanently, totally disabled and incapable of performing manual labor (which was the only gainful occupation he was skilled to follow). On a subsequent hearing, Dr. Gaw examined petitioner in Court before the trial judge and pointed out a rash which had developed, not on the injured right leg, but on the left. The doctor testified that this rash was a symptom of atrophy and that evidence of the rash on the left leg supported the testimony that he had given eight months before, that the atrophy was progressive. The legal importance of this last testimony on this appeal is that it furnished material evidence that the result of the accident and injury were not confined to the right leg.

So far as the application of the statute to the facts and the fixing of the amount of the award are concerned, the case is identical with *Plumlee* v. *Maryland Casualty Co.*, 184 Tenn. 497, 201 S.W.2d 664. There the injury was to the leg, which was not amputated but rendered useless, and in his testimony, one of the doctors refused to limit the result of the injury to the leg. We approved an award based on loss of earning capacity and not limited to the lump sum for "loss or loss of use" of a leg. The same basis for award was used in *Hix* v. *Cassetty*, 186 Tenn. 343, 210 S. W. (2d) 481.

Since Dr. Gaw tesified that the atrophy was progressive and spreading from the injured leg to other parts of the body, there was evidence that the injury was not confined to the leg, but since the loss of the use of the right leg resulted in permanent total disability to follow the only gainful occupation for which the petitioner was trained or suited, this disability alone, justified the award. In the original Workmen's Compensation Act, Chapter 123, Public Acts of 1919, after the schedule of lump sum awards for loss of particular members and organs, it is provided in section 28, subsection (c):

"In all cases the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, . . ."

Thereafter, in subsection (e), it is provided:

"The total and permanent loss of the sight of both eyes, . . . *or any other injury which totally incapacitates the employe from working at an occupation which brings him an income,* shall constitute total disability." (Italics ours.)

This language of the original Act remains unchanged in subsections (c) and (e), Code, section 6878.

This Court found a conflict between the quoted provisions and applying that construction most favorable to the claimant, has held in a number of reported decisions discussed in *Plumlee* v. *Maryland Casualty Co.* supra, that where the loss of the use of a leg resulted in the total and permanent loss of earning capacity, that the award should be based on total permanent loss of earning capicity, and not merely for the scheduled sum for the loss, or loss of the use of the limb. Under a familiar principle of statutory construction the Court has so held that the later subsection (e) prevailed over the earl-

ier subsection (c) of section 28 of Chapter 123 of the Public Acts of 1919.

██ ██ In the present case we find that the testimony of Dr. Gaw supports the result reached by the trial judge, and we, therefore, approve the award as made by him for permanent total disability. We are impressed with the fact that the learned trial judge gave this case patient and painstaking attention through several hearings and rendered judgment only after having a report from a physician of his own selection, and after having the physical disability of the petitioner demonstated to him by Dr. Gaw in open Court. It remains to state that the testimony of Dr. Gaw that further surgical operation on petitioner's right leg would not reduce the disability and would be dangerous, justified the trial judge in ignoring that proposal.

Judgment affirmed.

All concur.

### ON PETITION TO REHEAR.

Defendants have filed petition to rehear in which they seek to re-argue the case and have this Court reconsider the weight to be given the testimony of the various doctors. They argue at lengh that Dr. Ashby was a more credible witness than Dr. Gaw. As we pointed out in our former opinion, the credibility of the witness is foreclosed by the decision of the trial judge, and if no question is presented except the weight of the evidence, and there is material evidence to support the judgment from which the appeal is taken, the judgment will be affirmed. *Odom* v. *Sandford & Treadway,* 156 Tenn. 202, 299 S. W. 1045; *Tennessee Products Corporation* v. *Gravitt,* 182 Tenn. 54, 184 S.W.2d 164.

Petitioner admits that Anderson is suffering from a progressive condition of atrophy, as Dr. Gaw testified, and was found by the trial judge, but petitioner insists that there is no material evidence to connect that condition with Anderson's accident. The record refutes this argument. Dr. Gaw testified:

"Q. Dr. Gaw, so there will be no misunderstanding when you speak of Bud Anderson's condition as being in this atrophied condition of this leg being progressive and permanent and the leg being more or less of a hindrance and his being incapacitated, I want you to state if you are confining yourself to this injury that occurred on the 11th day of October, 1946? A. Yes, sir.

"Q. You have got no reference to anything else that ever happened to him? A. No, this injury."

Anderson, himself, testified:

"Before my injury on October 11, 1946, as aforesaid my legs were of the same size. This right leg never before the injury showed any signs of atrophy. When the wound was about healed up I first noticed it was getting smaller than the other, and it has gradually grown worse. I went back and tried to work for Mr. Johnson after the trial in the County Court, but, my legs gave out on me and I had to be brought to Dr. Gaw for treatment."

This testimony furnished material evidence of the connection between the accident and the consequent disability, but even if the result of the accident had been merely to aggravate a pre-existing disease of the leg, the disability as it existed at the time of the trial was nevertheless, compensable. *Sanders* v. *Blue Ridge Glass Corporation,* 161 Tenn. 535, 33 S.W.2d 84.

Petition to rehear denied.

All concur.