ADAMS CONST. CO. *v.* CANTRELL.

(*Knoxville*, September Term, 1953.)

Opinion filed December 11, 1953.

CAMPBELL & CAMPBELL, of Chattanooga, for plaintiff in error.

HARRY J. SCHAEFFER, of Chattanooga, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is a Workmen's Compensation suit. The trial judge found the plaintiff to be temporarily totally disabled from October 4, 1951 until January 20, 1952 and awarded him compensation at the rate of $25 per week for such period less the amount already paid the petitioner for temporary total disability for a period from October 4, 1951 to November 19, 1951. The trial court further found the petitioner to be permanently, partially disabled to the extent of forty percent of his right hand and awarded him compensation for such injury, which amounted to sixty weeks at $25 per week, or a total of $1,500 plus the compensation total, temporary disability first above mentioned. The construction company has duly perfected its appeal, filed briefs, assignments of error and argument has been heard on behalf of both parties before this court. We now have the matter for determination.

Cantrell, a man 66 years of age was an ordinary laborer. Before working for the present employer at the time of his injury he had worked at odd jobs for short periods of time here and there. He was drawing Social Security at the rate of $30 per month and was allowed to make an

additional $50 or if he made more he had to return his Social Security.

The petitioner went to work for the defendant construction company as a laborer on September 26, 1951 and injured his little finger on his right hand on October 4, 1951. The injury was a fracture of the proximal joint of the little finger of the right hand.

When the injury first occurred it was thought that it was nothing more than a skinned place and on the day of the injury he received first aid. The day following the injury a thorough examination was made and he was sent to a doctor where an X-ray was made and it was discovered a fracture to the phalanx of the little finger. The Company's doctors applied the necessary treatment and reduced the fracture by putting the finger in a position of flexion and in a cast so as to immobilize it in a position, according to them, so that upon healing it would function should it become stiff and therefore not be a hindrance to the workman using it. The finger though did become stiff and ankylosed to such an extent that it was crooked and consequently hard to use. There is testimony in the record of one of the doctors that to use the finger for the purpose of a grip it would be necessary to take the left hand and place the finger over the handle of the tool that the laborer used in his work. There is also evidence in the record that the finger becomes sore when it is attempted to use it in the position that it now occupies.

On November 14, the doctors permitted the petitioner to return to work. He did return and worked at light labor, directing truck haulers where to put rock on a road, etc., for a period of four days until the construction company had finished this job.

The parties not being able to agree on compensation

the present suit was filed and after proof was heard resulted in a judgment for the petitioner as above shown.

■■■■■ We have very painstakingly and carefully read and considered this record and are clearly of the opinion that the only injury to the employee was that of the maximum loss of the use of the little finger. Of course the loss of the use of the little finger or any other finger on the hand would affect the use of that hand to the extent of which the finger aids the use of the hand. In our judgment though the proof does not show any other loss of the use of the hand than that of the loss of the use of the little finger. It seems to us that the burden and the preponderance of the testimony of Dr. Newell (the petitioner's doctor) is that the petitioner, injured workman, suffered the total loss of use of the little finger and its attendant relation to the hand and that under the Workmen's Compensation Law as applied in this State this is the maximum that the injured employee is entitled to collect.

Code Section 6878 applying to such a disability provides under subsection (c) thereof that:

"In case of disability partial in character but adjudged to be permanent, there shall be paid to the injured employee, in addition to the benefits provided by section 6875 the following: (1) Sixty per cent of his average weekly wages for the period of time during which he suffers temporary total disability on account of the injury, the same being subject to the same limitation as to minimum and maximum as provided in subsection (a) of this section; and (2) in addition to the foregoing he shall receive sixty per cent of his average weekly wages in accordance with the schedule hereinafter set out, provided, that the

compensation paid the injured employee for the period of temporary total disability shall not be deducted from the compensation to be paid under said schedule.''

For the permanent partial disability, the compensation shall be based upon the extent of such disability. In cases included by the following schedule, the compensation shall be that named in the schedule, to-wit:

"For the loss of a fourth finger, commonly called little finger, sixty per centum of average weekly wages during fifteen weeks.''

We think that the overwhelming burden of proof in this record shows that the only loss under our Compensation Act, suffered by the employee, was the total loss of the little finger. It thus results that the judgment below should be modified so as to allow compensation to the employee according to the statute last above quoted.

This case comes clearly within the reasoning of this Court in other related cases, as in *Black Diamond Collieries* v. *Carden*, 150 Tenn. 336, 265 S. W. 541; *Catlett* v. *Chattanooga Handle Co.*, 165 Tenn. 343, 55 S. W. (2d) 257; *Phillips* v. *Diamond Coal Mining Co.*, 175 Tenn. 191, 133 S. W. (2d) 476, and the more recent case of *Coker* v. *Arnco Drainage and Metal Products Co.*, 192 Tenn. 10, 236 S. W. (2d) 980. This case is clearly distinguishable from that line of cases as *Russell* v. *Virginia Bridge & Iron Co.*, 172 Tenn. 268, 111 S. W. (2d) 1027, where the injury to a specific member was so severe as to cause the employee total disability. Other cases that have been considered by this Court along the same line as the Virginia Bridge & Iron Co. case, supra, are *Plumlee* v. *Maryland Casualty Co.*, 184 Tenn. 497, 201 S. W. (2d) 664; *Hix* v. *Cassetty*, 186 Tenn. 343, 210 S. W. (2d) 481, and *Johnson*

v. *Anderson,* 188 Tenn. 194, 217 S. W. (2d) 939, and others that might be cited.

In view of the published opinions in the two lines of cases above cited and the reasoning of the Court therein which applies to the facts of the instant case we see no necessity of further amplifying the matter.

It results that the judgment below will be modified in accordance with this opinion and as thus modified is affirmed at the cost of the construction company.