Jeffrey Manufacturing Company of Tennessee, Inc.,
Plaintiff in Error,

*v.*

Lester H. Underwood, Defendant in Error.

426 S.W.2d 189.

(*Knoxville,* September Term, 1967.)

Opinion filed March 18, 1968.

276

Joe A. Tilson, Morristown, for plaintiff in error; Taylor, Inman, Tilson & Line, Morristown, of counsel.

Joseph L. Reed, Morristown, for defendant in error; Reed & Terry, Morristown, of counsel.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal in a workmen's compensation case by the employer, Jeffrey Manufacturing Company of

Tennessee, Inc., from an award made to the employee, Lester H. Underwood.

On April 12, 1966, the employee injured the second finger of his right hand when a piece of metal penetrated the proximal or first joint of his finger. This metal was excised leaving the finger stiff and useless. The trial court found the injury to the finger impeded the use of the hand, since the injury left the finger in a permanent condition of being crooked, stiff or frozen. Under this finding the trial judge awarded weekly benefits based on fifty percent permanent partial loss of the use of the hand, which, under the statute, T.C.A. sec. 50-1007 (c), is for seventy-five weeks. The employer admits there is a total loss of the use of the finger but insist there is no competent material evidence to support a finding this injury could be related to the loss of the use of the hand. Under the employer's theory, the employee would be entitled under the statute to weekly benefits for thirty weeks.

In *Standard Glass Company v. Wallace,* 189 Tenn. 213, 225 S.W.2d 35 (1949), injuries to the finger were related to the loss of use of the hand. In this case the employee received injuries to all four fingers and the thumb on his left hand. The trial court found due to the nature of the injuries to the fingers and the thumb the employee had suffered the loss of the use of the hand and made an award based on the loss of the use of the hand. This Court affirmed this finding.

In *Adams Construction Co. v. Cantrell,* 195 Tenn. 675, 263 S.W.2d 516 (1953), the employee received an injury to the little finger on his right hand resulting in the finger becoming stiff, crooked, hard to use, and at times would

be sore on attempted use. The trial court made an award based on loss of use of the hand and this Court reversed, holding the proof would support only the loss of the use of the finger. In this case this Court said:

> We have very painstakingly and carefully read and considered this record and are clearly of the opinion that the only injury to the employee was that of the maximum loss of the use of the little finger. Of course, the loss of the use of the little finger or any other finger on the hand would affect the use of that hand to the extent of which the finger aids the use of the hand. In our judgment though the proof does not show any other loss of the use of the hand than that of the loss of the use of the little finger. 195 Tenn. at 678, 263 S.W.2d at 517.

On the issue of relating loss of scheduled members to other members of the body the Supreme Court of Nebraska holds in the loss of the use of a finger or fingers where the disability is the normal, usual, logical, and expected consequence of the injury to the finger, then no compensation may be awarded in addition to that provided by the statutory schedule. The Nebraska Court also holds that where there is an injury to a particular scheduled member and some unusual and extraordinary condition affecting some other member has developed as a result of the injury to the scheduled member, then an increased award should be made. See *Ottens v. Western Contracting Co.,* 139 Neb. 78, 296 N.W. 431 (1941).

■■ T.C.A. sec. 50-1007(c) provides in addition to any compensation paid for temporary total or partial disability the employee shall be compensated for loss of any member of the body scheduled in the statute and any compensation awarded therefor is determined by the

statute itself, which is done by allowing to each scheduled member the value of a certain number of weeks. By this statute the Legislature, on loss of scheduled members has determined the disability suffered by the employee and this is paid to the employee, regardless of whether after the injury his earnings be more or less than prior to the injury. See *White v. Tennessee Coach Co.,* 184 Tenn. 158, 197 S.W.2d 795 (1946); *Southern Manufacturing Co. v. Wade,* 188 Tenn. 398, 219 S.W.2d 901 (1949).

██ We think the Legislature in determining the amount to be paid for the loss of use of a scheduled member of the body realized the loss of the use of the member would have some normal and expected adverse effect upon that member of the body to which it is attached. In a manner of speaking the loss of any member of the body would have some adverse effect on the body as a whole, the body being one. We think the Legislature in determining by statute the amount to be paid for loss of a scheduled member could not have other than intended this amount to be full compensation for the consequence of the disability related to other members of the body to the extent as would be normal, usual and expected. Also, under this same reasoning we think the Legislature intended where an injury to a scheduled member produced an unusual and extraordinary condition affecting other members of the body, then compensation would not necessarily be limited to the loss of the injured member. This is the holding in *Standard Glass Co. v. Wallace,* supra, where the injury to the fingers had more than the normal and expected adverse effect upon the use of the hand. Also, in *Adams Construction Co. v. Cantrell,* supra, the loss of the finger did not have more than the normal and expected adverse effect on the use of the hand.

■ Prior to considering the evidence in the case at bar, it is necessary to note a fact found by the trial judge. In the petition, employee alleged the injury to the finger on April 12, 1966, and also alleged a back injury of July 15, 1966. The trial judge found against employee on the back injury and no appeal was had from this finding. The trial judge in his finding of facts stated:

Well gentlemen, as to this back injury he has admitted himself out of Court—how could the Court believe anything he would testify about?

Now, gentlemen, the Court's going to hold that he's just wholly failed to make out a case as to any back injury.

Under this finding of fact, which is supported by the record, we do not accept employee's testimony for any purpose.

■ On the issue here, there is testimony by Dr. John L. Pierce and Dr. Crampton Helms, and their testimony is not in conflict. These doctors stated that this finger being stiff and useless, and in their language "in his way," would affect the use of the hand, particularly for a person such as employee doing work with his hands.

Subsequent to receiving the injuries alleged in his petition, employee made application to the Jefferson City Company for employment. Dr. Frank Milligan did a pre-employment physical on the employee for the Cabinet Company. Dr. Milligan's testimony on this issue of the finger is as follows:

Q. Now, how about his right hand, Dr. Milligan, and specifically the middle or long finger of the right hand —was there any trouble with it?

A. I have no notation on this examination as to anything in his upper extremities.

Q. Now, did he complain to you of a pain, or discomfort, or numbness of this finger of his right hand?

A. No, he said he had none, and that he had all his fingers and toes, and made no complaint of that, and in his personal history he made no notation of anything like that at all, which was in his own handwriting.

This evidence does no more than support the proposition that the loss of this finger would not adversely affect the use of the hand any more than would be normally and usually expected by the loss of a finger. We find there is no material evidence to support a finding that the injury to the finger related to the loss of the use of the hand to the extent that such would support a finding of loss of use of the hand.

The employee cites the case of *Lambert Bros. v. Dishner,* 212 Tenn. 697, 372 S.W.2d 166 (1963). In this case the injury was a fracture in the middle portion of the fourth bone in the palm of the hand which, due to failure to heal properly, produced unusual results. There is testimony that in the healing process the tendons became adhered to the back of the employee's hand and he could not shut his hand. There is a marked difference in the facts of the *Dishner* case and the case at bar.

The judgment of the trial judge awarding employee benefits for seventy-five weeks on a fifty per cent disability to the hand is reversed. Judgment is entered awarding employee benefits for thirty weeks for total and permanent loss of the finger. Otherwise the judgment

of the trial judge is affirmed and the cause remanded for any further and necessary orders.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.