———

ROCKWELL v. LEWIS et al. (No. 194–109.)

(Supreme Court, Appellate Division, Third Department. July 1, 1915.)

MASTER AND SERVANT ⬳250¾, New, vol. 16 Key-No. Series—WORKMEN'S COM-
PENSATION LAW—AWARD FOR "PERMANENT LOSS OF USE OF HAND."
      Under Workmen's Compensation Law (Consol. Laws, c. 67; Laws 1914,
   c. 41), making provision for payment of a definite sum for loss of each
   particular finger, and also providing that a permanent loss of the use of a
   hand shall be considered as equivalent to its loss, where a servant re-
   ceived an injury which resulted in the complete loss of the index, second,
   and third fingers, and rendered the fourth finger stiff and practically use-
   less, there was such a permanent loss of the use of the hand as rendered
   proper an award therefor.

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Law by Judge A. Rockwell to obtain compensation for personal injuries, opposed by John L. Lewis, employer, and Ætna Life Insurance Company, insurer. Compensation was awarded, and the employer and insurer appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William H. Foster, of Syracuse, for appellants.

Egburt E. Woodbury, Atty. Gen., E. C. Aiken, Deputy Atty. Gen., and Jeremiah F. Connor, of New York City, for respondent.

WOODWARD, J. There is no dispute that Judge A. Rockwell was injured in the manner and to the extent indicated in the record. On the 23d day of December, 1914, the commission made a determination that the claimant had sustained a loss of the index finger, for which he was allowed 46 weeks; that he had lost the second finger, for which he was allowed 30 weeks; that he had lost the third finger, for which he was allowed 25 weeks; and that his fourth finger was mutilated, with an allowance of 4 weeks. This aggregated a total of 135 weeks at $11.54 a week, or $1,757.90. No fault is found with this finding. Subsequently, and on the 19th day of February, 1915, the commission took this case up a second time, and reached the conclusion that the claimant had lost the use of his hand, and made an additional allowance, bringing the time up to 244 weeks. The employer and the insurance carrier appeal from the award as thus made, and urge that the commission is without power to make more than the awards specifically provided by the statute for the loss of fingers, thumbs, etc.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

We are of the opinion that the contention of the appellants is not sound. Recognizing the rules for statutory interpretation suggested by the appellants, we find in the language of the statute ample authority for the action of the commission. It is true that the statute makes provision for a definite sum for the loss of each particular finger, but it likewise provides, in section 15 of the Workmen's Compensation Law, that a "permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye." Obviously the Legislature contemplated that there would be cases in which the loss of a large portion of the fingers and thumb would produce a "permanent loss of the use of the hand," and the case here under consideration is clearly such a one. The compensation provided for the loss of an index finger, standing alone, may be adequate for that loss; but if the index finger and the two next fingers are destroyed—are lost—and the fourth finger is made practically useless by reason of the bruised and strained condition, there can be no doubt that there has been a "permanent loss of the use of the hand," which is not compensated by the provision which is made for the separate fingers.

The provisions of the statute which relate to amputation do not give color to the appellants' contention; these are limitations upon the claimant. He is not permitted to claim a loss of an arm because the amputation is made above the wrist; it is the loss of the hand anywhere between the wrist and the elbow. If the elbow is taken, then the amputation is considered as the loss of the arm; but this does not warrant the assumption that the Legislature contemplated that the claimant should be confined to the schedule rate for his fingers, where such loss of all or a major portion af the fingers produced a condition where he suffered a permanent loss of the use of his hand. The hand consists of the palm and the thumb and fingers, and it is not difficult to understand how in many instances the loss of three or four of the members would render the hand absolutely valueless for any practical use, and the statute has provided for just such a case as is now before us. Here there is a complete loss of the index, second, and third fingers, and the fourth finger is stiff and practically useless. Such a hand as that is obviously permanently useless, as much so, practically, as though it were amputated at the wrist, and no good reason suggests itself why the compensation provided for a hand permanently useless should not be paid, rather than the rate established where one of the particular fingers is lost, and where the use of the hand may not be seriously impaired for doing many kinds of labor. We do not recognize the theory that the question of the use of the hand is to be determined by the particular work in which the claimant has been engaged; the act has not attempted to insure the workman in his particular avocation for life. It simply undertakes to compensate for the injury sustained, and the question presented to the commission is not whether the hand is permanently useless for a particular work, but whether it is useless for any kind of work to which the claimant may be adapted. We have no doubt, however, that where the loss or injury to fingers and thumb result in the permanent loss of the use of the hand in the practical everyday work of the individual, the commis-

sion is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented.

The award should be affirmed. All concur.