S. C. Weber Iron & Steel Company *v.* Andy Jeffery.

(*Nashville,* December Term, 1929.)

Opinion filed June 30, 1930.

FINLAY & CAMPBELL, for plaintiff in error.

THOMPSON & BALLARD, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This action was brought by Andy Jeffery under the Workmen's Compensation Law, on account of an injury to his foot. His employer, denying liability in the trial court, has here abandoned all defenses except as to the amount of the compensation to which the petitioner is entitled.

The physician, whose testimony is most favorable to the petitioner, described the injury as having resulted in the amputation of the small toe and the one next to it, with two other toes broken. The large toe was broken and has become reunited without having been set. No union has resulted in the other broken toe, one of the bones of which "is sticking up over the other bones in the skin," resulting in an ulcer which was not healed at the date of the trial. The physician testified that the condition of this bone might render an operation necessary before the ulcer would heal. His testimony contains the following question and answer:

"Q. Doctor, what per cent of disability does the injury to the foot bear, to the loss of the foot, would say? A. I would say pretty close to seventy-five per cent, Mr. Bal-

lard, from this standpoint, that bone sticking up in there, even if it heals over, it may work through, and he may have to undergo another operation, have that bone taken out before he can use the foot at all.''

The physician had not referred to any injury to the foot other than the two amputated toes and the two broken toes; and while the question referred to ''the injury to the foot,'' we think it clear that the physician was describing the effect of the injury to the four toes on the petitioner's use of his foot.

The physician who first treated the petitioner, testifying in his behalf, estimated the disability as a thirty-five per cent loss of the use of the foot; and the only injury referred to by him, not described by the physician first referred to, is the loss of the tendons controlling the two broken toes.

The Compensation Act, Acts 1919, chapter 123, section 28, subsection C, contains a schedule of compensation for specified cases, including:

''For the loss of the great toe, fifty per centum of average weekly wages during thirty (30) weeks.

''For the loss of one of the toes other than the great toe, fifty per centum of the average weekly wages during ten (10) weeks. . . .

''For the loss of a foot, fifty per centum of average weekly wages during one hundred and twenty-five (125) weeks.''

It is provided further that the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member.

The trial judge found that the injury had resulted in a seventy-five per cent permanent disability to petitioner's foot, and compensation was awarded accordingly. In addition thereto, the trial judge awarded the peti-

tioner the specific compensation provided in the schedule for the loss of the two amputated toes, thus adding to the compensation for the seventy-five per cent loss of the use of the foot an additional twenty weeks for the loss of the amputated toes.

The contention of the employer is that the loss of the amputated toes was an essential element of the injury to the foot which the physician testified amounted to a seventy-five per centum impairment in the use of the foot, and that the trial judge improperly added the specific compensation for the loss of the two toes.

In *Bon Air Coal & Iron Corp.* v. *Johnson,* 153 Tenn., 255, the petitioner suffered a broken hip joint which resulted in the shortening of his leg by about one inch, and at the same time received injuries to the ligaments and muscles of his back, causing pain throughout his back. It was contended by the employer that the injuries to the petitioner's leg and back were concurrent injuries, and that compensation should be allowed only for the injury which produced the longest period of disability; that is, to the leg. This court held that the trial judge had properly awarded compensation for a permanent partial disability, not confined altogether to the leg. Referring to the different elements of the injury, this court said: "They are not distinct disabilities arising from a concurrent disability which merge the major into the minor disability, but a single injury affecting the use of the body about the hip and back which caused a permanent partial disability that reduced the petitioner's earning capacity to the extent found by the trial judge."

The petitioner in the case at bar contends that the award made by the trial judge is sustained by that provision of the statute, section 28, subsection c, which provides that when concurrent injuries resulting in concur-

rent disabilities are sustained, compensation shall be awarded only for the injury which produces the longest period of disability; but excluding from this provision "liability for the concurrent loss of more than one member, for which members compensations are provided in the specific schedule."

Following the view entertained by this court of the injury sustained by the petitioner in *Bon Air Coal & Iron Co.* v. *Johnson, supra,* we do not think the injury to the petitioner's foot, as described by the physicians in this case, can properly be said to be concurrent injuries resulting in concurrent disabilities. This might be true if the petitioner elected to ask for compensation only for injury to the four toes, separate and apart from the effect on the foot as a whole. In that event, the petitioner would probably be entitled to the schedule compensation for the loss of use of his great toe and three other toes, which, in the aggregate, would entitle him to compensation for sixty weeks. But viewed from the standpoint of the effect of the injury on the petitioner's use of his foot, it is but a single injury affecting the use of that member.

The statute provides a definite sum for the loss of each particular toe. It also provides compensation for the permanent loss of use of the foot. Under a similar statute it was held in New York by the Supreme Court, Appellate Division, in *Rockwell* v. *Lewis,* 154 N. Y. Supp., 893, that compensation might properly be awarded for the permanent loss of use of a hand, when the injury consisted of the loss of four fingers, the compensation so awarded being greater than the aggregate provided for the four fingers, considered as units. In that case the court said: "We have no doubt, however, that where the loss or injury to fingers and thumb result in the per-

manent loss of the use of the hand in the practical everyday work of the individual, the commission is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented."

So in the case at bar, although the injury suffered appears to have been the physical loss of two toes and the loss of use of two other toes, it was made to appear to the trial judge that this injury deprived the petitioner of seventy-five per cent of the normal use of his foot, and the trial judge awarded compensation as for the loss of use of the foot rather than for the loss and loss of use of the toes considered separately; this being the course more favorable to the injured workman. In this, we think the trial judge correctly construed and applied the statute, following the direction of section 47, that the provisions of the statute be given an "equitable construction."

█ It seems to us to follow naturally and reasonably that if a physical injury to the toes has been considered as constituting a proportionate loss of use of the foot, and compensation awarded accordingly, the injured employe has received all to which he is entitled under the statute, and that additional compensation may not be awarded for the loss of the toes. Carried to its logical extreme, the contention of the petitioner would be that, if an arm and hand should be crushed so as to render both useless, and compensation is awarded for the loss of use of the arm, an additional award would be made for the loss of the hand. Obviously, this could not have been intended, since the loss of an arm necessarily includes the loss of the hand. See *State ex rel.* v. *District Court,* 129

Minn., 91; *Industrial Commission* v. *General Accident, etc., Corp.,* 71 Col., 115.

We conclude, therefore, that there is no evidence to sustain the finding of the trial judge that the petitioner is entitled to the schedule compensation for the loss of the two amputated toes in addition to the compensation awarded for the seventy-five per cent loss of use of the foot.

The judgment of the trial court is accordingly modified so as to eliminate the awards specifically assigned to the loss of his toes, and otherwise affirmed.

The costs of the appeal will be paid by the appellant, and the case remanded.