STANDARD GLASS CO. INC. *v.* WALLACE.

(*Knoxville,* September Term, 1949)

Opinion filed December 10, 1949.

STUART F. DYE, of Knoxville, for plaintiff in error.

HODGES & DOUGHTY, of Knoxville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a case arising under the Workmen's Compensation Statute, Williams' Code, Section 6851 *et seq*. The trial judge filed a written opinion in the case in which he stated the only question for decision was as follows:

"The real controversy is whether or not the petitioner has sustained a 75% loss of use of his left hand, for which he is entitled to recover under the compensation law, or whether he is limited to injuries to his fingers on the left hand which were injured."

The injured employee was a saw operator for the Standard Glass Co. and while at work he sustained injuries to the fingers of his hand which required "the amputation of the left index finger at the first joint, an amputation of the little finger just distal to the first joint, repaired laceration of the middle finger that extended into the first joint of the finger, severing all the flexory tendons of the finger, repaired lacerations of the tip of the ring finger and lacerations of the thumb." The foregoing is the statement of the attending surgeon as to what he did in rendering proper surgical aid. He gave a minute description of the injuries to the hand and results that would, in his opinion, be more or less permanent. He testified as follows:

"Q. Please tell us whether or not these sensitive scars which you have described would affect Mr. Wallace in using this hand in manual work? A. Yes, I believe it would.

"Q. In what way would you believe this would affect the use of his hand? A. He is unable to grasp articles due to the pain and stiffness of the middle finger. He is unable to use his hands in other ways because striking the ends of the index or little finger is painful, and the middle finger being stiff, when you strike it, you get a rather painful sensation." * * *

"Q. So what percentage of loss would you say exists in this man's hand? A. I would say about 75%."

The trial judge had the opportunity of observing the hand and extent of the injuries. "It is conceded that the petitioner, Wallace, was disabled from his work from the date of his accidental injury on August 9, 1946, until the date of his returning to work on November 22, 1946, a period of 15 weeks, and that he has been paid

41 weeks' compensation at his correct compensation rate of $18.00 per week, his average wage being in excess of $30.00.'' Counsel for the respective parties stipulated as to the foregoing facts. The trial judge found from the facts that the petitioner was entitled to an award for 75% loss of the use of the hand and accordingly entered a judgment for $1,354.50. The total amount of the award was computed as follows:

''Deducting the fifteen weeks' temporary total disability from the amount provided for the loss of a hand leaves one hundred thirty-five (135) weeks, 75% of which is 101-¼ weeks, of which the defendant is entitled to a credit of 26 weeks, leaving a balance of 75-¼ weeks, at $18.00 per week, or $1,354.50.'' There is material evidence to support the conclusion reached by the trial judge as to 75% loss of the use of the hand.

It is insisted by plaintiff in error (1) that it was error to award compensation for loss of the use of the hand, that the petitioner is only entitled to recover for loss and injury to the fingers of the hand, (2) that the method of computing the loss of the hand was error.

We think the finding of the trial court is sustained by the holding of this Court in *S. C. Weber Iron & Steel Co.* v. *Jeffery,* 161 Tenn. 142, 29 S. W. 2d 656, 658. In that case the Court quoted with approval the following statement in *Rockwell* v. *Lewis,* 168 App. Div. 674, 154 N. Y. S. 893 as follows:

''We have no doubt, however, that where the loss or injury to fingers and thumb results in the permanent loss of the use of the hand in the practical everyday work of the individual, the commissioner is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical mean-

ing of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented."

The facts in the instant case show a 75% total loss of the hand. This being true we follow the cases holding that the employee is entitled to an award for such injury regardless of the effect upon his earning capacity. Thus in *New Jellico Coal Co.* v. *Gilburth,* 187 Tenn. 606, 216 S. W. 2d 329, it was held:

"Under Workmen's Compensation Law, scheduled compensation for injured employee's loss of scheduled member of body or partial loss of use thereof must be paid by employer, *regardless of whether employee's earnings after such loss decreased.*" (Emphasis supplied.) We deem it unnecessary to cite other supporting authority. The first assignment is overruled.

█ The plaintiff in error insists the method used by the trial court in computing the award was erroneous. Contention is made by plaintiff in error that the following method should have been adopted:

"75% of 150 weeks (the amount allowed for total loss of the hand) equals 112-½ weeks, Minus 15 weeks (the temporary total disability paid to petitioner) Equals 97-½ weeks."

The question was decided in *White* v. *Tennessee Coach Co.,* 184 Tenn. 158, 197 S. W. 2d 795, 796, adversely to the foregoing insistence. In that case the injured employee suffered the loss of the little finger and the ring finger, also a permanent partial disability of 25% to the middle finger. The action of the trial court in disallowing compensation for the loss of use of the hand and an arm was affirmed. Where the court was adjudged

to be in error was in deducting "the period of temporary total disability from each of the periods allotted to the respective fingers, for *this deduction should be made only once.*" (Italics ours.) Aside from this error the computation was made as in the instant case and was expressly approved.

In *Brooks* v. *Memphis Compress and Storage Co. et al.,* Tenn. Sup., 216 S. W. 2d 746, 747, the "petitioner sustained a fracture at or near the ankle of his left foot which resulted in a temporary total disability from January 28, 1948, to June 19, 1948, a period of 21 weeks and a permanent partial disability to his left foot of 15%." In deciding the method of computing the amount of compensation it was said: "The correct computation applicable to this case is to deduct from the scheduled 125 weeks provided for the loss of a foot the 21 weeks temporary total disability for which payment has already been made, leaving a balance of 104 weeks" etc. The foregoing method was followed by the trial court in the instant case, and we hold that it is correct. The case of *Knoxville Power & Light Co.* v. *Barnes,* 156 Tenn. 184, 185, 299 S. W. 772, is overruled insofar as it is in conflict with our holding in the instant case.

Counsel for the plaintiff in error has cited *White* v. *Tennessee Coach Co., supra,* as supporting his contention that the trial judge committed error in awarding compensation on the basis of 75% loss of use of the hand. But the case is not in point. In the White Case there was no evidence of any loss of use of the hand, although there was the loss of certain fingers. In the instant case there is material evidence to show not only the loss of fingers but a loss of the use of the hand.

The assignments of error are overruled and the judgment of the trial court is affirmed.

PREWITT, TOMLINSON, and BURNETT, JJ., concur.

GAILOR, J., dissents.