LAMBERT BROTHERS, etc.,

*v.*

JOHN H. DISHNER.

372 S.W.2d 166.

(*Knoxville*, September Term, 1963.)

Opinion filed November 6, 1963.

HARRY L. GARRETT, Kingsport, for petitioner.

WILSON, WORLEY & GAMBLE, Kingsport for respondent.

Mr. Robert S. Clement, Special Justice, delivered the the opinion of the Court.

This is a workmen's compensation case coming to this Court from the Circuit Court of Sullivan County, where the trial judge awarded the Petitioner compensation for the loss of a hand. The Defendant has appealed to this Court insisting that the injuries sustained by the Petitioner were to his fingers only and that the Court was in error in finding that Petitioner was entitled to the loss of use of his hand. The parties will be referred to as they appeared in the lower court.

The Petitioner was injured on August 13, 1962, when an oil pump fell from a truck and struck Petitioner on his right hand. He testified that the pump fell from the truck suddenly and that his hand was injured when he threw it up in front of his face to keep the pump from striking Petitioner in the face. Petitioner further testified that the pump weighed approximately 110 pounds and that when it finally came to rest on his hand, his hand was caught between a rock on the bottom and the pump on top. Petitioner was taken to a hospital in Kingsport where he was treated.

Defendant's witness, Dr. J. K. Maloy, testified that X-rays showed that Petitioner suffered a fracture in the middle portion of the fourth bone in the palm of the hand, and that a cast was applied and the fracture put in place. Dr. Maloy further testified that upon examining Petitioner on August 21st, he found that the fracture was not in good condition, and that an operation was performed whereby a small pin was placed down the marrow cavity of the bone to hold it in better position. This pin

remained in Petitioner's hand until September 10, 1962. A special device was designed for the Petitioner in an effort to increase the motion in the joints of his fingers. Dr. Maloy testified that in March of 1963, when he examined Petitioner, he had actually lost some of the use of fingers three, four and five on the right hand, and that the soreness still existed in the fracture site. Dr. Maloy insists that Petitioner's hand will improve and that it is necessary for the Petitioner to relax his other fingers in order to use the injured ones. In other words, Defendant's witness, Dr. Maloy, testified that although Petitioner cannot use his fingers at this time, he will not have a permanent loss of use of fingers three and five. He gives Petitioner fifteen (15%) percent permanent disability and probably five (5%) percent—ten (10%) percent to the hand as a result of the injury.

Petitioner testified that he has no use of his right hand and that he can only use his thumb and first finger in which he has very little grip. Petitioner demonstrated to the Court what little use he had of his right hand. Petitioner's family physician, Dr. G. G. Keener, who has had fifty-seven years' experience in general practice, testified that in the process of healing the tendons became adherred to the back of Petitioner's hand and, therefore, he cannot shut his hand and only has use of his first finger and thumb and that this disability is permanent and that he will not be able to use his hand in the future any more than at present. Based upon the foregoing testimony, the Court found that Petitioner had sustained a permanent loss of his right hand, or loss of use of his right hand and was entitled to compensation as provided by the Workmen's Compensation Statute.

T.C.A. sec. 50-1007(c) provides as follows:

"In all cases the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule provided shall be in lieu of all other compensation."

The Defendant makes only one assignment of error, which is as fololws:

"The Court erred in awarding Petitioner Workmen's Compensation benefits for the total and permanent loss of use of his right hand."

One of the leading cases in Tennessee on the matter of the loss of use of a member is found in *Standard Glass Company, Incorporated, v. Wallace,* 189 Tenn. 213, 225 S.W.2d 35, where this Court sustained a seventy-five (75%) percent loss of use to Petitioner's hand where employee sustained injuries to the finger of his hand which required "the amputation of the left index finger at the first joint, and amputation of the little finger just distal to the first joint, repaired laceration of the middle finger that extended into the first joint of the finger, severing all the flexory tendons of the finger, repaired lacerations of the tip of the ring finger and lacerations of the thumb". In the Glass case, the Court quoted from other cases as follows:

"(2) We think the finding of the trial court is sustained by the holding of this Court in *S. C. Weber Iron & Steel Co. v. Jeffery,* 161 Tenn. 142, 29 S.W.2d 656, 658. In that case the Court quoted with approval the following statement in *Rockwell v. Lewis,* 168 App. Div. 674, 165 N.Y.S. 893 as follows: 'We have no doubt, however, that where the loss or injury to fingers and thumb results in the permanent loss of the use of the

hand in the practical everyday work of the individual, the commissioner is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work as injustice in a case such as is here presented.' "

In the case of *Anderson v. Volz Construction Company*, 183 Tenn. 169, 191 S.W.2d 436, this Court, speaking through Justice Gailor, held: "On appeal under the Workmen's Compensation Act, we do not reweigh the evidence, but search the record[s] only so far as is necessary to determine that there is material evidence to support the finding[s] of the trial judge".

In many other cases, the Court has held that the findings of the trial court will not be disturbed if there is material evidence to support the findings. *Vester Gas Range and Manufacturing Company v. Leonard*, 148 Tenn. 665, 257 S.W. 395. *White v. Whiteway Pharmacy, Incorporated*, 210 Tenn. 449, 360 S.W.2d 12; and many others.

We feel that there is material evidence on which the Court found that Petitioner had suffered the loss of use of his right hand and the judgment will not be disturbed.

The assignment of error is overruled and the judgment of the Trial Court is affirmed.