**FEDERAL COPPER AND ALUMINUM COMPANY and Hartford Accident and Indemnity Company, Plaintiffs-in-Error,**

**v.**

**Cecil WRIGHT, Defendants-in-Error.**

Supreme Court of Tennessee.

Jan. 21, 1974.

Jack B. Henry, Pulaski, for plaintiffs-in-error; Moore, Henry, Henry, Lewis & Cain, Pulaski, of counsel.

Avon N. Williams, Jr., Nashville, for defendants-in-error.

OPINION

CHATTIN, Justice.

We will refer to the parties as they appeared in the trial court; that is, Cecil Wright as the plaintiff and Federal Copper & Aluminum Company and Hartford Accident & Indemnity Company as the defendants.

This is an appeal from a judgment of the trial judge awarding plaintiff workmen's compensation benefits of ninety-five per cent permanent partial disability to his left hand.

Defendants perfected this appeal and insist plaintiff's injuries were limited to the fingers of his left hand only and it was error for the trial judge to award him compensation benefits for the loss of the use of his left hand.

The facts are undisputed. Plaintiff was operating a machine which malfunctioned and as a result his left hand was smashed. Thereafter, his little finger, ring finger, and index finger of his left hand were amputated. His first finger or thumb was disabled to some extent.

There was medical testimony to support the finding of the trial judge plaintiff sustained a ninety-five per cent permanent partial disability to his left hand.

■ Factually, this case is squarely in point with Lambert Brothers v. Dishner, 212 Tenn. 697, 372 S.W.2d 166 (1963). In the Lambert case, this Court quoted with approval the following statement from Standard Glass Company v. Wallace, 189 Tenn. 213, 225 S.W.2d 35 (1949):

"We think the finding of the trial court is sustained by the holding of this Court in S. C. Weber Iron & Steel Co. v. Jeffery, 161 Tenn. 142, 29 S.W.2d 656, 658. In that case the Court quoted with approval the following statement in Rockwell v. Lewis, 168 App.Div. 674, 154 N.Y.S. 893 as follows: 'We have no doubt, however, that where the loss or injury to fingers and thumb result in the permanent loss of the use of the hand in the practical everyday work of the individual, the commissioner is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should

not be construed to work an injustice in a case such as is here presented.' "

Counsel for defendants insists that this Court's ruling in the Lambert case was modified by an amendment to T.C.A. Section 50–1007(c). In 1963 the legislature amended T.C.A. Section 50–1007(c) by adding the following sentence:

"The benefits provided by this paragraph shall not be awarded in any case where benefits for a specific loss is otherwise provided in this title."

Counsel for defendants insist that this sentence precludes the plaintiff from recovering for the loss of the use of his hand and limits plaintiff's recovery to the loss of use of the three amputated fingers. Counsel's argument in the sentence means that benefits for the loss of use of the hand cannot be provided because benefits for the specific loss, the hand, are otherwise provided for in the Act.

For an adequate understanding of this sentence, it is necessary to quote the whole paragraph from which the sentence was taken:

"All other cases of permanent partial disability not above enumerated shall be apportioned to the body as a whole, which shall have a value of four hundred (400) weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury. Compensation for such permanent partial disability shall be subject to the same limitations as to maximum and minimum as provided in subsection (a). If an employee has previously sustained an injury compensable under this section for which a court of competent jurisdiction has awarded benefits based on percentage of disability to the body as a whole and suffers a subsequent injury not enumerated above, the injured employee shall be paid compensation for the period of temporary total disability and only for the degree of permanent disabil-

ity that results from said subsequent injury. The benefits provided by this paragraph shall not be awarded in any case where benefits for a specific loss is otherwise provided in this title."

Reading the paragraph as a whole it is evident the legislature added the sentence in question to prevent the awarding of compensation based on a percentage disability to the body as a whole if the injury was limited to a scheduled member of the body. Chapman v. Clement Brothers, Inc., 222 Tenn. 223, 435 S.W.2d 117 (1968). Although plaintiff suffered injury to scheduled members, his fingers, he was awarded compensation for the loss of his hand; he was not awarded any compensation for percentage disability to the body as a whole. Consequently, the last sentence of T.C.A. Section 50–1007(c) is not applicable to the facts of this case.

The judgment of the trial judge is affirmed with costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Judge, concur.