**DAVIS BLASTING COMPANY, Appellant,**

v.

**Danny ROBERTS, Appellee.**

Supreme Court of Tennessee.

Dec. 16, 1974.

Luther E. Cantrell, Jr., Smith, Davies, Smith & Cantrell, Nashville, for appellant.

L. Dean Moore, Maddux, Moore & Jones, P. C., Cookeville, for appellee.

OPINION

BROCK, Justice.

The Appellee received an injury to his right index finger by reason of an accident arising out of and in the course of his employment. The trial court granted a recovery for medical expenses, temporary total disability benefits for two weeks and one day and permanent partial disability benefits for 100% loss of use of the right index finger. The only assignment of error is that the Chancellor erred in granting permanent partial disability benefits for more than 50% loss of use of the right index finger, the Appellant alleging that there was no material evidence of any injury or disability of the finger past the first phalange. T.C.A., Sec. 50–1007, in pertinent part, provides: " . . . Permanent Partial Disability . . . For the loss of a first finger, commonly called index finger, sixty-five per cent (65%) of average weekly wages during thirty-five (35) weeks . . . For the loss of the

first phalange of the thumb, or of any finger, which shall be considered equal to the loss of one-half (½) of such thumb, or finger, compensation shall be paid at the prescribed rate during one-half (½) of the time specified above for such thumb or finger."

■ We have said many times, and we repeat that in workmen's compensation cases this Court does not weigh the evidence but searches the record only so far as necessary to determine that there is any material evidence to support the findings of the trial judge and those findings will not be disturbed if there is any material evidence to support his findings. Lambert Brothers v. Dishner, 212 Tenn. 697, 372 S.W.2d 166; Anderson v. Volz Construction Co., 183 Tenn. 169, 191 S.W.2d 436. In this case there is abundant evidence to support the findings of the trial judge. Thus, the Appellee testified as follows:

"Question: Mr. Roberts, can you make any use whatsoever of your right index finger without feeling pain throughout your whole right index finger?

Answer: Well, I can't do nothing without it hurting.

Question: The entire finger?

Answer: Right."

Likewise, Dr. Gaw, the treating physician, testified:

"Question: Now, is it your opinion that this patient, Danny Roberts, will have some sensory problems in the effect of pain in his right index finger when he hits other objects, comes into contact with hard objects in his work of manual labor, that will radiate down into his entire right index finger?

Answer: Yes, I think that will be a real problem. I would expect that the tenderness would improve with time, but I think that it will remain a problem if he hits the tip of his amputated finger against any hard object.

Question: Is it your opinion that the pain and sensation that he is feeling throughout his entire finger is the result of the pain from the digital nerves?

Answer: That's right.

Question: If he has to do work which requires the use of his finger to come constantly, the tip of it, into contact with other objects that cause pain, of course his disability could very easily be much higher than his impairment, couldn't it?

Answer: That's right."

■ The Appellant argues that since the amputation did not extend beyond the first phalange of the index finger that the disability benefits must be limited to that provided for the loss of the one phalange. We have held contrary to this insistence in two recent cases, i. e. Federal Copper and Aluminum Company v. Wright, Tenn., 504 S.W.2d 957, Lambert Brothers v. Dishner, supra, and we see no reason to depart from the rule announced in those cases. That rule is that an injury to a scheduled member may authorize an award of benefits for disability to another scheduled member if the injury results in a disability or loss of use of the other member and, likewise, the loss of or loss of use of a part of a member may result in the industrial disability of or loss of use of the whole member thus entitling the injured employee to benefits for the loss of use of the whole member.

■ The employee in this case was injured on August 11, 1973, and although the employer has admitted that the injury is compensable and that the employee is entitled to compensation for at least seventeen and one-half weeks the employer has paid nothing to this date. Therefore, the Appellee urges us to add six percent (6%) interest to the award of the trial court pursuant to T.C.A., Section 50–1005, which provides:

"Any employer or his insurance carrier who fails to pay compensation as herein

provided shall suffer a penalty of six percent (6%) on any unpaid install-ments."

Although this appears to be a proper case in which to award such additional liability this Court has appellate jurisdiction only and thus is not authorized to grant the request since it was not presented to the trial court.

All assignments of error are overruled, the decree of the trial court is affirmed and all costs are adjudged against the Appellant.

Affirmed.