**The EATON CORPORATION, Appellant,**

v.

**Earl R. QUILLEN, Appellee.**

Supreme Court of Tennessee.

Aug. 25, 1975.

Jerome Templeton, Knoxville, for appellant.

Frank Q. Vettori, O'Neil, Parker, Williamson & Bond, Knoxville, for appellee.

## OPINION

FONES, Chief Justice.

Employer appeals from an award of fifty (50%) percent permanent partial disability to the right hand, asserting that the disability sustained by employee is limited to the middle and index fingers.

Employee, Quillen, was moving a heavy die cast machine on a buggy when a wheel on the buggy dropped into a hole on the floor causing the machine to shift against the edge of the buggy, mashing the fingers on his right hand.

Dr. Gallivan, an orthopedic surgeon, was the attending physician and testified for the employer. The accident essentially amputated the second finger about mid-way and the very distal end of the index finger. Dr. Gallivan revised the amputation of the second or middle finger and closed the skin

flap over the end of the stump. The index finger was attached to a skin flap in the palm of Quillen's hand and three (3) weeks later the flap was removed from the palm, providing a new tip to his index finger. The accident occurred in June, 1972, and Dr. Gallivan discharged him from further treatment in December, 1972.

Employee returned to see Dr. Gallivan in June, 1973, complaining that all of the joints in the fingers, hand and wrist felt stiff and sore; that the hand felt puffy as well as the fingers and that when handling tools he sometimes had to resort to his left hand.

Dr. Gallivan described said complaints as subjective and testified that he could not either clinically or by x-ray account for the stiffness and soreness in all of the joints of the fingers and wrist. He rated Quillen's disability as one hundred (100%) percent to the second finger and ten (10%) percent to fifteen (15%) percent to the first or index finger. According to Dr. Gallivan's test, Quillen was able to grip eighty (80) pounds with his right hand and one hundred twenty (120) pounds with his left. He was right-handed.

Dr. Patterson, an orthopedic surgeon, examined employee in May, 1973, and was called as a witness by Quillen. He gave a detailed account of the history reported to him and his observations of the fingers and hand on that occasion. Dr. Patterson administered a grip test and observed Quillen in the simulated use of a screw driver, a hammer, and a writing pen. Dr. Patterson rated the loss of two (2) phalanges of the second finger as eighty (80%) percent permanent partial disability of that finger,[1] which disability he converted to sixteen (16%) percent loss of use to the right hand. He stated that the loss of motion of the right index finger, which he had testified about in some detail, together with the weakness in gripping capacity of a right hand dominant person provided the basis

for an additional four (4%) percent permanent partial disability to that hand. Finally, principally on a subjective basis of soreness of the ring and little finger when performing certain tasks, it was his opinion that there was a further one (1) to two (2%) percent permanent disability that might be added to the right hand.

Employee testified that he was employed by defendant corporation as a general maintenance man and that his principal skill was as a journeyman electrician. His duties involved the repair and maintenance of everything in the plant. He testified in considerable detail about the difficulties that he encountered in the use of tools and the soreness and stiffness in his finger joints and knuckles that he insisted was continuously present. He testified that his ring finger and little finger on the right hand were swollen on the day of the trial, almost two (2) years after the accident.

The rule governing when it is appropriate to award loss of use of the hand, in the case of finger-hand injuries, was adopted in the case of *S. C. Weber Iron & Steel Company v. Jeffery,* 161 Tenn. 142, 29 S.W.2d 656 (1929). Justice Swiggart, writing for the Court, quotes the rule from *Rockwell v. Lewis,* 168 App.Div. 74, 154 N.Y.S. 893 (S.Ct.1915) as follows:

"—We have no doubt, however, that where the loss or injury to fingers and thumb result in the permanent loss of the use of the hand in the practical everyday work of the individual, the commission is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented."

The rule has been approved and applied in *Standard Glass Company v. Wallace,* 189

1. The statute provides that loss of more than one phalange shall be considered as loss of the entire finger. T.C.A. Section 50–1007(c).

Tenn. 213, 225 S.W.2d 35 (1949); *Lambert Brothers v. Dishner,* 212 Tenn. 697, 372 S.W.2d 166 (1963); and *Federal Copper & Aluminum Co. v. Wright,* 504 S.W.2d 957 (Tenn.1974).

Employer insists that the compensation provided for the loss of a finger or fingers, "—of necessity contemplates and pays for the normal incidental disability caused to the hand by the finger loss." It is said that the evidence in this case shown no disability to the hand beyond that which is normal and can be expected from the finger loss suffered by Quillen. It is therefore reasoned that there is no material evidence to support an award based upon any loss of use to the hand.

█ It is true that the composite finger injuries in this case are descriptively less extensive than in the Tennessee cases cited above[2] but we cannot say that there is no material evidence to support an award based on the loss of use of the hand.

The trial judge had material evidence before him provided by the testimony of Dr. Patterson and Quillen, to support a finding that in the practical, everyday work performed by said employee he had sustained a loss of use of the hand. Dr. Patterson expressly testified that the conditions he found in May, 1973, were permanent.

While we agree with employer that there is a point at which finger injuries must remain finger injuries and be compensated as finger injuries, the material evidence rule requires that we affirm the trial court in this case. The costs are adjudged against Eaton Corporation.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.

---

2. *S. C. Weber Iron & Steel Company v. Jeffery, supra,* involved toe injuries and loss of use of the foot.