UNIVERSAL UNDERWRITERS
INSURANCE CO., Appellant,

v.

A. J. KING LUMBER COMPANY and
James Sutton, Appellees.

Supreme Court of Tennessee.

July 25, 1977.

Hunter Smith, Davis, Norris, Treadway & Hadden, Kingsport, for appellant.

James F. Pryor, Knoxville, Tenn., for appellees.

### OPINION

BROCK, Justice.

This is a workmen's compensation case. The Chancellor awarded benefits and the employer's insurer appeals.

Appellant contends that the statute of limitations of one year had run before suit was filed. The plaintiff, employee, was injured twice on the job, first on June 20, 1971, and again on November 1, 1971, and this suit was not filed until November 14, 1974. However, in the interim between the first injury and the filing of suit the employer and its insurer voluntarily provided medical services to the plaintiff and paid to him benefits for temporary total disability continually from November 16, 1971, to June 18, 1974. Therefore, the running of the limitations period was tolled pursuant to the provisions of T.C.A., § 50–1003, that:

The furnishing of medical services by a physician employed by the employer or insurer is such a "voluntary payment of compensation." *Reed v. Genesco, Inc.,* Tenn., 512 S.W.2d 1 (1974); *Fields v. Lowe Furniture Corp.,* 220 Tenn. 212, 415 S.W.2d 340 (1967). The fact that no "payments" were made from November 16, 1971, the date of the first payment, until January 21, 1973, when they were resumed did not constitute a "ceasing" within the meaning of the statutory proviso. Nothing said by us in *Union Carbide Corp., Food Products Div., et al. v. Cannon,* Tenn., 523 S.W.2d 360 (1975) was intended to be to the contrary. Although in most cases such voluntary payments will be made at intervals of less than one year, there is no requirement in the statutory proviso that they be more frequent than one year. The trial court was correct in holding that the statute of limitations had not run.

The appellant insists that plaintiff's injury and disability was restricted to his hand and that the Chancellor erred in awarding benefits for a disability of the arm. We find no error in this regard. Both injuries were to the right wrist. Surgery was performed three times on the wrist and it was finally "fused" and made stiff. Since the fusion, the plaintiff is unable to rotate his arm so that the palm of the hand faces the floor. Dr. Bell, the treating physician, estimated plaintiff's disability as 40 per cent to the hand or 36 per cent to the arm. The Chancellor made a finding based upon all of the evidence, including his observation of the plaintiff, of 100 per cent permanent disability of the right arm. There is evidence to support that finding and we affirm it. Cf. *Federal Copper & Aluminum Co. v. Wright,* Tenn., 504 S.W.2d 957 (1974).

The statute, T.C.A., § 50–1004, as it existed at the time of plaintiff's accident and injury, did not obligate the employer to furnish medical treatment for longer than the two years period immediately following the notice of injury. However, as held in *Fields v. Lowe Furniture Corp., supra,* the employer may, by express or implied contract with the physician or hospital, become obligated to pay for medical treatment of an employee beyond the requirements of the statute. This appears to be the situation here, but the record is not clear in this regard, one way or the other, so that, a remand to the trial court on this point will be necessary. Upon the remand, the trial court will receive evidence and determine whether the disputed medical expenses, viz., a balance of $2,144.00 owing to Dr. Bell, $716.00 owed to Ft. Sanders Hospital, $96.00 owed to Knoxville Anesthesia Group, and $5.00 owed to Drs. Craven, Guyton and Moore or any part thereof, were incurred before or after November 1, 1973. Appellant must be held liable for any such expenses incurred before November 1, 1973. If said expenses, or any portion thereof, were incurred after November 1, 1973, the appellant will not be liable therefor, unless appellant or the employer, appellee, by express or implied contract with the physician or hospital creditors became obligated thereby to pay such expenses.

The decree of the chancery court, except the portion thereof awarding recovery for the disputed medical expenses above dis-

cussed, is affirmed. This cause will be remanded to the trial court for further proceedings as herein directed. Costs of appeal are taxed against appellant.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.