Chesley B. GODWIN, Plaintiff-Appellee,

v.

MORGAN LUMBER COMPANY and American Mutual Liability Insurance Company, Defendants-Appellants.

Supreme Court of Tennessee, at Jackson.

Feb. 27, 1984.

David Hardee, Jackson, for plaintiff-appellee.

Thomas H. Rainey, Jackson, for defendants-appellants.

## OPINION

BROCK, Justice.

In this worker's compensation case the only issue presented is whether or not the evidence supports the action of the trial court in awarding benefits for permanent loss of use of the employee's left hand. The employer contends that the award should have been limited to two fingers of the left hand rather than to the hand as a whole. We find supporting evidence in the record and affirm the decree of the trial court.

In an accident with a saw, the employee suffered the amputation of his index finger where it joins the hand and the amputation of his long finger at the middle joint thereof. Moreover, his ring finger was lacerated and the employee claims that he suffers pain in it more or less constantly and one of the testifying physicians was of the opinion that this ring finger had sustained a 20% permanent partial disability.

Dr. Robert James Barnett testified that the employee had suffered a 100% loss of the use of the first and second fingers and 20% permanent partial disability to the ring finger of the plaintiff's left hand. He further testified that the index and middle fingers are the two most important fingers of the hand, except for the thumb, and that "the major use of the hand is affected" by the injury. He explained that it was practically impossible for plaintiff to grip anything with his injured left hand. Dr. Barnett further testified that, considering the hand as a whole, the plaintiff had sustained a 45% permanent partial disability of his left hand.

Dr. Robert J. Smith also testified and expressed the opinion that the plaintiff had lost the complete use of his first and second fingers and that the injury to his fingers was equivalent to a 40% loss of use of his left hand. Based upon this evidence, the trial court found that the impact of these injuries upon the plaintiff as a laborer in the open labor market was that he had effectively sustained a 100% loss of use of his left hand and awarded benefits accordingly.

Contrary to the insistence of the appellant, there is ample authority in this state

for the holding of the trial court. *See, Federal Copper and Aluminum Company v. Wright,* Tenn., 504 S.W.2d 957 (1974); *Davis Blasting Company v. Roberts,* Tenn., 517 S.W.2d 5 (1974); *Lambert Brothers v. Dishner,* 212 Tenn. 697, 372 S.W.2d 166 (1963); *Eaton Corporation v. Quillen,* Tenn., 527 S.W.2d 74 (1975). The above cited decisions of this Court have applied the rule stated by the New York court, in *Rockwell v. Lewis,* 168 App.Div. 674, 154 N.Y.S. 893 (1915), as follows:

> "We have no doubt, however, that where the loss or injury to fingers and thumb result in the permanent loss of the use of the hand in the practical everyday work of the individual, the commission is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented." 154 N.Y.S. at 894–95.

The task of the trial court is to ascertain the impact of the injury upon the ability of the employee to perform labor in the pursuits that he is qualified to perform. Since the fingers are constituent parts of the hand, it follows that an injury to the fingers which deprives the employee of the use of his hand in the performance of work has caused him the loss of the use of his hand. We have so held in the above cited authorities and, accordingly, we affirm the decree of the trial court allocating the injury in this case to the left hand of the employee and awarding benefits accordingly. Costs incurred upon appeal are taxed against appellant and surety.

FONES, C.J., and COOPER, HARBISON, and DROWOTA, JJ., concur.