**William E. CARNEY, Appellee,**

v.

**SAFECO INSURANCE CO., Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 16, 1988.

Robert W. Sauser, Luther, Anderson, Cleary, Ruth & Speed, P.C., Chattanooga, for appellant.

Thomas L. Wyatt, Summers, McCrea & Wyatt, P.C., Chattanooga, for appellee.

OPINION

FONES, Justice.

In this worker's compensation case the trial court found that plaintiff, William E. Carney, was injured by accident in the course and scope of his employment with Shamrock Cabinets, Inc. The trial court found that plaintiff sustained a ninety

(90%) percent permanent partial disability to the entire thumb as a result of this accident. Shamrock Cabinets' worker's compensation insurance carrier, defendant Safeco Insurance Company, has appealed. The sole issue presented on this appeal is whether the trial court erred in awarding permanent partial disability benefits based upon disability to the entire thumb.

Plaintiff is a thirty-eight-year-old male with a Bachelor of Science Degree in Industrial Management, currently employed as a foreman for a construction company. He was injured on 2 September 1985, while cutting cabinet doors with a radial arm saw in the performance of his duties with Shamrock Cabinets as a custom wood furniture maker. Plaintiff inadvertently amputated the tip of his left thumb just below the point where the thumb nail comes out of the skin, but above the first joint of the thumb.

Plaintiff testified that as a custom furniture maker he was required to construct furniture from raw materials, using both power tools and hand tools. Plaintiff estimated that ninety (90%) percent of the time he spent custom making furniture was spent performing hand work. Plaintiff stated that his thumb injury has affected his ability to perform the tasks required of a custom furniture maker. He noted that the end of his thumb is tender and the application of pressure to the area, which is required to push lumber through a saw, is painful. In addition, plaintiff stated that he had decreased feeling in his thumb. Plaintiff testified that he cannot properly grip many of the tools required by a woodworker. Finally, plaintiff stated that he often suffers pain while using the tools of his trade. According to plaintiff, this pain radiates throughout his left thumb into his left hand and causes his hand to cramp. Frequently, plaintiff is forced to cease performing his work. As a result of these stoppages, the completion time for plaintiff's projects is longer.

Dr. James E. Eyssen, a plastic surgeon, testified that he treated plaintiff for the amputation of plaintiff's left thumb. Dr. Eyssen stated that the left thumb was amputated at the point where the nail comes out of the skin. Dr. Eyssen stated that plaintiff's injury has resulted in a fifty percent permanent disability to the entire thumb. Dr. Eyssen noted that the thumb is less sensitive because of the injury, and that plaintiff's dexterity is permanently impaired. Dr. Eyssen concluded that this loss will permanently impair plaintiff's ability to perform delicate work.

The chancellor found that plaintiff incurred a ninety (90%) percent permanent partial disability to the entire thumb and awarded plaintiff permanent disability benefits.

■ On appeal, defendant contends that the chancellor's award of disability benefits based upon disability to the entire thumb is erroneous. Defendant notes that plaintiff's thumb was amputated above the joint, and thus plaintiff's loss is limited to the first phalange of the thumb. Defendant argues that pursuant to T.C.A. § 50–6–207(3)(A)(ii)(f) the loss of the first phalange of the thumb is a scheduled injury. Therefore, defendant concludes plaintiff's recovery is limited as a matter of law to the scheduled benefits for loss of the first phalange of the thumb.

As this action arose after 1 July 1985, review by this Court of the findings of fact is *de novo* upon the record of the trial court, accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. T.C.A. § 50–6–225(e); *see also Alley v. Consolidation Coal Co.,* 699 S.W.2d 147 (Tenn.1985).

Defendant's argument in this case is predicated upon the idea that as the amputation did not extend beyond the first phalange of the thumb, disability benefits are limited to the benefits provided for the loss of the first phalange. This Court examined and rejected this same argument in *Davis Blasting Co. v. Roberts,* 517 S.W.2d 5 (Tenn.1974). In *Davis Blasting Co.,* the first phalange of the employee's index fin-

ger was amputated. The trial court awarded disability benefits to the employee based upon a finding that the employee had suffered a one hundred percent loss of use of his whole finger. The employer appealed and urged the same argument now made by defendant. This Court rejected the employer's argument and noted the established rule on the issue.

> That rule is that an injury to a scheduled member may authorize an award of benefits for disability to another scheduled member if the injury results in a disability or loss of use of the other member and, likewise, the loss of or loss of use of a part of a member may result in the industrial disability of or loss of use of the whole member thus entitling the injured employee to benefits for the loss of use of the whole member.

*Id.* at 6; *see also Godwin v. Morgan Lumber Co.,* 665 S.W.2d 716 (Tenn.1984); *Eaton Corp. v. Quillen,* 527 S.W.2d 74 (Tenn. 1975); *Federal Copper & Aluminum v. Wright,* 504 S.W.2d 957 (Tenn.1974). We reiterate today our approval of this rule.

Defendant's reliance on *Jeffrey Manufacturing Co. v. Underwood,* 221 Tenn. 275, 426 S.W.2d 189 (1968) is misplaced. That case involved the employee's claim that an injury to a single finger had resulted in a fifty percent disability to the hand. The language from that opinion on which defendant relies deals with the situation where an injury to a scheduled member produces a condition *affecting other members of the body.* If there is any conflict between *Jeffrey* and the cases cited in the preceding paragraph, *Jeffrey* has been overruled.

The chancellor found that plaintiff had incurred a ninety (90%) percent disability to the entire thumb. Upon review of the record, we cannot say that the evidence preponderates against this finding. As the evidence supports the finding that plaintiff's thumb is disabled, in light of the rule quoted above, the chancellor's award of disability benefits for disability to the entire thumb was not erroneous.

The judgment of the trial court is affirmed. Plaintiff's motion for damages for frivolous appeal is denied. Costs are adjudged against defendant.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.