

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| LIT'L NA SHIELDS, | ) | Docket No. 2020-07-0143 |
|     Employee, | ) | |
| v. | ) | |
| THYSSEN KRUPP ELEVATOR CORP., | ) | State File No. 5160-2018 |
|     Employer, | ) | |
| And | ) | |
| AGRI GENERAL INS. CO., | ) | Judge Allen Phillips |
|     Carrier. | ) | |

---

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on May 4, 2021, on Thyssen Krupp's Motion for Summary Judgment. Thyssen Krupp contended Mr. Shields filed his Petition for Benefit Determination outside the one-year statute of limitations; Mr. Shields contended he timely filed the petition. For the following reasons, the Court agrees with Thyssen Krupp and grants the motion.

### Facts and Argument

Thyssen Krupp submitted the following statement of undisputed material facts:

1. Mr. Shields sustained an injury on August 17, 2017.
2. Thyssen Krupp accepted the claim and paid medical benefits.
3. Mr. Shields reached maximum medical improvement on January 30, 2019, and the authorized physician gave him an impairment rating on February 6.
4. Thyssen Krupp issued the last voluntary payment of medical benefits on March 1, 2019, a payment for the February 6 date of service.
5. Thyssen Krupp issued the last voluntary payment to Star Physical Therapy on January 23, 2019, for treatment provided on January 16, 2019.
6. Thyssen Krupp made no further payments to Star after January 23, and Star claims no outstanding balance.

1

7. Mr. Shields filed the Petition for Benefit Determination on March 5, 2020.

Mr. Shields agreed with those facts with two exceptions.

First, he disputed that Thyssen Krupp's last voluntary payment of medical benefits occurred on March 1. Instead, he contended that March 1 was the last "cash payment," but the "last voluntary payment of benefits" was actually April 5, 2019, the date that Star completed a discharge summary.

Second, Mr. Shields disputed that Thyssen Krupp made the "last voluntary payment" *to Star* on January 23. Instead, he contended that the term "last voluntary payment" includes the "furnishing of medical services," and that Star last provided medical services on April 5. In support, he offered the affidavit of Star's medical records custodian, who stated that Mr. Shields was provided "medical services" until his treatment file was closed upon completion of the April 5 discharge summary. The custodian further stated that: "Even though Mr. Shields was not actually seen by our company after January of 2019, we did not immediately close his file until such time as it became clear that the patient would not be referred back to us by the referring doctor for additional therapy."

*Thyssen Krupp's Position*

Because Thyssen Krupp voluntarily paid benefits, it relied on Tennessee Code Annotated section 50-6-203(b)(2), which requires that an employee file a Petition for Benefit Determination within one year from the latter of the date of last authorized treatment or the date that the employer ceased making payments on behalf of the employee. Further, under section 203(c), the issuing date of the last payment by the employer, rather than the date of the payment's receipt, is controlling.

Looking to the requirements of section 203(b)(2), Thyssen Krupp contended that Mr. Shields's last medical treatment occurred on January 30, 2019, when the authorized physician placed him at maximum medical improvement, and it last paid a medical bill on March 1, 2019. Thus, both the last date of treatment and the date that Thyssen Krupp ceased payments of compensation were more than one year before Mr. Shields filed his petition on March 5, 2020.

Further, Thyssen Krupp contended that neither payments to Star, nor the lack of them, have any bearing on the statute of limitations. Mr. Shields last received treatment at Star on January 16, 2019, and Thyssen Krupp paid for that treatment on January 23. Star did not bill Thyssen Krupp for the April 2019 discharge summary, and Star does not claim an outstanding balance.

Mr. Shields contended that the words "last voluntary payment" are a "term of art used in the Tennessee Workers' Compensation Act" and include the furnishing of medical services. He relied upon *Universal Underwriters Ins. Co. v. A.J. King Lumber Co.,* 553 S.W.2d 749 (Tenn. 1977), where the court noted the law then in effect required an employee to file suit "within one (1) year from the time the employer shall cease making payments of benefits." *See* Tenn. Code Ann. § 50-1003 (statute then in effect). In that case, the employer began paying medical benefits but then stopped for two years before resuming. The court held that this stoppage did not constitute a "ceasing" of payments because the employer continued the voluntary provision of medical services. The court stated that the "*furnishing of medical services* by a physician employed by the employer or insurer [was] a 'voluntary payment of compensation.'"[1] (Emphasis added).

Mr. Shields argued the same logic should apply here; specifically, Star was authorized by Thyssen Krupp and provided medical services through April 2019. He asserted that Star did not complete the discharge summary until April because "they were suspecting. . .Mr. Shields would be sent back for additional physical therapy." "When it became clear" that Mr. Shields would not be referred back, Star completed the discharge summary in April, less than one year before the filing of the petition.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020). To prevail, Thyssen Krupp must do one of two things: (1) submit affirmative evidence that negates an essential element of Mr. Shields's claim, or (2) demonstrate that Mr. Shields's evidence is insufficient to establish entitlement to further benefits. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Under section 203(b)(2), an essential element of Mr. Shields's claim is that he must file a Petition for Benefit Determination within one year of his last authorized treatment *or* within one year of when Thyssen Krupp ceased payments, whichever is later. The Court agrees with Thyssen Krupp that he did neither.

First, the Court finds that Mr. Shields's last authorized treatment occurred on January 30, 2019, when the authorized treating physician last saw him. In *Blocker v. Reg'l Med. Ctr.*, 722 S.W.2d 660, 662-63 (Tenn. 1987), the Tennessee Supreme Court stated

---

[1] The *Universal* court noted the payment of temporary total disability benefits within one year of the filing of a complaint. The case is silent as to why those payments did not toll the statute of limitations.

"although mere referral by the employer of the employee to a physician for evaluation or examination is not of itself voluntary provision of compensation, the expenses of medical care or treatment *actually rendered* by a designated physician to whom the employee has been referred by the employer . . . constitutes voluntary compensation within the meaning of T.C.A. § 50-6-203." (Emphasis added.) Here, contrary to Mr. Shields's argument, Star last rendered actual treatment on January 16, not on April 5 when Star merely completed a discharge summary that detailed previous treatment. Star's custodian confirmed this fact when he said in his affidavit that, "Mr. Shields was not actually seen by our company after January of 2019."

*Universal* is distinguishable. There, the question was not *whether* the employee received actual treatment but rather *when* it occurred.

Second, there is no dispute that Thyssen Krupp issued the last payment of medical expenses on March 1, 2019, more than one year before the filing of the Petition for Benefit Determination.

Thus, the Court finds no genuine issue of material fact that Mr. Shields filed the Petition for Benefit Determination outside the statute of limitations and holds Thyssen Krupp is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Thyssen Krupp's motion for summary judgment and dismisses Mr. Shields's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Thyssen Krupp, for which execution might issue as necessary. Thyssen Krupp shall pay the filing fee to the Court Clerk within five business days of the order becoming final.

4. Thyssen Krupp shall file Form SD-2, Statistical Data form, with the Court Clerk within five business days of this order becoming final.

**ENTERED May 10, 2021.**

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

4

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on May 10, 2021.

| Name | Via Mail | Via Email | Service Sent To: |
|---|---|---|---|
| Jeffrey P. Boyd, Employee's Attorney | | X | jboyd@borenandboyd.com<br>jballard@borenandboyd.com |
| Hailey H. David, Employer's Attorney | | X | davidh@waldrophall.com<br>smithj@waldrophall.com |

_Penny Shrum_

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**